## KING vs. HUNT.

Where a person executes a note jointly with another, if the payee and other joint promisor alter the time of its maturity, without his knowledge or consent, it is void as to him. But if after such alteration is made, he assents to it, he adopts it as altered, and it is binding upon him.

### APPEAL FROM DADE CIRCUIT COURT.

#### STATEMENT OF THE CASE.

Hunt sued one Mathias Frazier and King, before a justice of the peace in Dade county, on a promissory note given by Frazier as principal, and King as security. The note was for fifty five dollars, and was due the first of March, 1845. It appeared from the face of the note, and was so proven on the trial, that the note had been altered by erasing the word "May," and inserting "March." The summons issued by the justice was served on King. Frazier was not found, nor was any disposition of the case ever made as to him. On the trial before the justice Hunt obtained judgment against King, and King appealed to the circuit court, where Hunt again obtained judgment, and King brings this case here by appeal. King filed a motion for a new trial, and to set aside the verdict; both of which were overruled by the court, and exceptions taken.

It appears from the evidence preserved in the bill of exceptions, that Frazier applied to Hunt to buy a wagon of him. Hunt agreed to sell it to him if he would give King as security. Frazier went to King, who signed his note which was to become due on the first of May following. Hunt refused to accept the note, stating, that it was to have been made payable the first of March. Frazier told him to alter the note, and he would stand between Hunt and King. Hunt then erased the word May, and inserted March. King was not present, and knew nothing of the alteration at the time it was made. On the trial in the circuit court, King denied the execution of the note on oath, and the plaintiff then introduced evidence for the purpose of showing, that after said note had been altered by Hunt, as aforesaid, King consented to the alteration, and adopted the note thus altered as his own.

PRICE and EDWARDS for appellant.

1. The note was altered by Hunt after it was signed by King, without his knowledge or consent, and he was thereby released from the payment of the note.

2. The court erred in permitting the note to be read in evidence to the jury. The fact that the note had been altered was admitted. To make King liable, afterwards, he must have consented thereto. The evidence does not show that King ever consented to the alteration, much less after he knew the note had been altered. No witness states that King ever said a word or knew aught about the alteration of the note when he spoke about paying it.

3. The first four instructions, given by the court, on the part of the plaintiff, are given without any evidence upon which to base them; thereby calculated to mislead the jury and should not have been given.

ABELL and STRINGFELLOW for appellees.

The only question in this case is, as to the assent of King to the alteration in the date of the note. The law as laid down by the court in the instructions, and which were not objected to,

presented this question to the jury too favorably for the defendant below. The evidence was ample to show King's assent to the alteration—to prove that after he had ascertained that the alteration had been made, he repeatedly promised to pay the note.

RYLAND, Judge, delivered the opinion of the court:

The only question in this case, which calls for the attention of this court, is the one involving the assent of the appellant, King, to the alteration of the note, as to the time of its maturity; and his adopting it thus altered ; and his promising to pay it.

After the testimony was closed, the court gave several instructions, for the plaintiff, as well as for the defendant. These instructions place the whole case, fairly and consistently with the rules of law which must govern it before the jury.

We will insert some of the instructions given for defendant, that it may be seen, that the point was before the jury.

"The court instructs the jury, that if they believe from the evidence, that the note sued upon has been changed, without the consent of the defendant, and to the injury of the defendant, then they must find for the defendant."

"Further, if the note was altered, without the consent of King, but by the consent of Frazier, one of the defendants or obligors, but not sued in this case, that King is not bound, and therefore they must find for the defendant King."

"The court instructs the jury, that unless they believe from the evidence, that King consented to the alteration of the note by Hunt, and adopted his act in altering said note, that the note is not King's, and therefore they must find for the defendant."

"That any act or any thing that King said or did before he knew that the note had been altered, was not binding on him."

The instructions given by the court for the plaintiff below, were not inconsistent with those for the defendant.

The jury found for the plaintiff and the defendant, after a fruitless motion for a new trial, appeals to this court.

We find no fault with the action of the court below, and according to the long established practice of this court, we will not disturb the verdict of a jury found upon contradictory evidence. Where there is testimony which might warrant a finding for either party, and there are no incorrect or illegal instructions given, we will let the verdict stand. The question before us, does not involve our satisfaction or disatisfac-

tion with the verdict, nor whether we, sitting as jurors, would have found such verdict or not. We will look at the evidence, and if it will warrant such finding; if there be evidence that will support such finding, be it so; we will not reverse, unless satisfied that manifest injustice has been done.

We think the jury in this case, might well have found as they did, and consequently, that the court below did not err in overruling the motion for a new trial.

Let the judgment therefore be affirmed.