## GRIMSTEAD v. BRIGGS.

The alteration of a promissory note, with the assent of the maker, at the time of, or after, the alteration, does not render it void.

Where in an action on a promissory note, by the indorsee against the makers and indorser, it appeared from the evidence, that the note was made on the 29th of July, 1856, and was due on the first of November following; that the note, at the time of its execution, did not contain the words, "with ten per cent. interest;" that the words were inserted after the execution of the note, but by whom, or at what precise time, is not known; that before the maturity of the note, J., one of the makers, left the state, and was insolvent; that between the first and tenth of November, 1856, B., the other maker of the note, called upon the attorney of the plaintiff, for the purpose of getting the same to send to the residence of his co-maker, for payment; that the note was delivered to him, he giving a receipt therefor, at which time the note contained said specification as to interest; that B. recommended plaintiff to buy the note; that after B. knew of the alteration of the note, he instructed plaintiff's attorney, to bring suit thereon; and that he, at no time, before the commencement of the suit, made any objection to the alteration of the note; *Held*, That the assent of B. to the alteration, might have been reasonably inferred, and that he was liable to pay the note.

*Appeal from the Davis District Court.*

JOHNSON & Briggs made their promissory note to one Berger, who indorsed the same to plaintiff. The makers and indorser being sued, Johnson not being served, the ma-

terial question in the case, arose upon the liability of defend-
ant Briggs. The cause was submitted to the court, and the
facts found as follows: The note was made on the 29th
of July, 1856, and was due on the first day of the next
November, but at the time of its execution, did not contain
the words, "with ten per cent. interest," which words were
inserted after its execution, but by whom, or at what pre-
cise time, was not shown, and did not appear. Before the
maturity of the note, Johnson left the state, and was in-
solvent. Between the 1st and 10th of November, 1856,
Briggs called upon the attorney of plaintiff, who held the
note for collection, for the purpose of getting the same to
send to the residence of Johnson, for payment. The note
was delivered to him as requested, he giving a receipt
therefor; the note at that time containing the said specifica-
tion as to interest. No objection was made by either of
said defendants, on account of said alteration, until after the
commencement of this suit. It is further found that "de-
fendant Briggs recommended plaintiff to buy said note, and
after he knew of the alteration thereof, instructed plaintiff's
attorney to bring suit thereon, and at that time, made no
objection to said note on account of said alteration." From
these facts, the court found for plaintiff, and rendered judg-
ment against Briggs for the full amount of the note, with
interest, and he now appeals.

*Jones & Trimble*, for the appellant.

*D. P. Palmer*, for appellee.

WRIGHT, C. J.—We see no good reason for disturbing
this judgment. From the facts found, we think the court
below was fully justified in concluding, that the defendant
Briggs, either assented to said alteration at the time it was
made, or if not, that having advised the plaintiff, to purchase
the same, after, as is fairly inferable, he knew of said altera-
tion, he is estopped, as against said plaintiff, from insisting
upon the same, as a defence in this action. If the altera-

tion was made with his knowledge and consent, the note would not, as assumed by appellant, become void, by reason of such addition or change. This assent would make it his instrument, as fully and entirely as if the words had been inserted at the time of its execution. As already stated, such assent could be reasonably inferred from the facts as found by the court below. Chitty on Bills, 204. But when, in addition to this, we take into consideration the fact, that plaintiff was advised by defendant Briggs, to purchase the note, every pretence for a defence of this character is taken away.

Judgment affirmed.