# TEXAS AND PACIFIC RAILWAY COMPANY v. DA-SHIELL.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 212.  Argued April 11, 1905.—Decided May 29, 1905.

An employé of a railroad company executed a release which, after reciting that he had been injured in an accident, and that it was desirable to maintain pleasant relations, and avoid all controversy in the matter, and specifying certain slight bodily injuries including a scalp wound, released the company for a consideration of thirty dollars from all "claims and demands of every kind whatsoever for or on account of the injuries sustained in the manner and on the occasion aforesaid;" subsequently, after having remained in the company's employ about three months, he sued and obtained a verdict for permanent bodily and mental injuries, resulting from injuries not enumerated in the release, including a fracture of the skull; there was testimony going to show that the fracture was not known when the release was executed and that the permanent disability resulted from non-enumerated injuries.   The trial court charged that the release related only to damages sustained by the enumerated injuries and not to those sustained from the non-enumerated injuries. Held, not error and that:

General words in a release are to be limited and restrained to the particular words in the recital; and the release in this case, not being for all injuries but only for the particular ones specified, was not a bar to a recovery for damages resulting from the non-enumerated injuries and that the application of this rule is not affected by the words "avoid all controversy in regard to the matter" as those words did not relate to the accident but to the specified injuries.

THE facts are stated in the opinion.

*Mr. David D. Duncan*, with whom *Mr. John F. Dillon* and *Mr. Winslow S. Pierce* were on the brief, for plaintiff in error:

The release on its face was intended by the parties to apply not only to injuries then known, but to such as might develop thereafter.

The construction put upon the release by the trial judge is an error which works serious injustice, and defeats the inten-

tion of the parties. *Union Pacific* v. *Artist,* 60 Fed. Rep. 365, distinguished; *Greene* v. *Chi. & N. W. R. R. Co.,* 92 Fed. Rep. 873, 880.

As a general principle of construction, applicable to all releases, while mistakes of fact may be sufficient to avoid a release, ignorance of future effects of an injury does not render the instrument inoperative or void. *Currier* v. *Bilger,* 149 Pa. St. 109; *Kane* v. *Traction Co.,* 186 Pa. St. 145; *Eccles* v. *Union Pacific Ry. Co.* 7 Utah, 335; *Nelson* v. *Minneapolis St. Ry.,* 61 Minnesota, 167; *Shooks* v. *Ill. Cent. R. R. Co.,* 115 Fed. Rep. 57; *Chi. & N. W. Ry. Co.* v. *Wilcox,* 116 Fed. Rep. 913.

Since the judgment in this case was affirmed by the Circuit Court of Appeals, the law in Texas, where the cause of action arose, has been settled in favor of the railroad company by the Supreme Court of that State. *Quebe* v. *Gulf, C. & S. F. R. R. Co.,* 10 Tex. C. Rep. 296; *S. C.,* 81 S. W. Rep. 20.

*Mr. Ben. M. Terrell* for defendant in error, as to the effect of the release:

Where there are general words alone in a release they shall be taken most strongly against a releasor; but where there is a particular recital, and then general words follow, the general words shall be qualified by the particular recital.

If the terms and expressions of an instrument are such as to render it uncertain to the court as to what was the true intention of the parties in the use of such terms and expressions, then the court should hear testimony touching the matters to which said instrument relates and give the instrument such a construction as will obviate any latent ambiguity therein and express the real intention of the parties at the time of its execution, and to ascertain what was contemplated by them when such terms and expressions were so used. *Un. Pac. Ry.* v. *Artist,* 60 Fed. Rep. 365; *Railroad Co.* v. *McCarty,* 94 Texas, 302; *Ramsden* v. *Hylton,* 2 Vesey, 304; *Lumley* v. *Railway,* 76 Fed. Rep. 66; 2 Parsons on Con., ed. 1855, 28;

*Jackson* v. *Stackhouse*, 1 Cowan, 122; *Hill* v. *Miller*, 76 N. Y. 33; *Clark* v. *Woodruff*, 83 N. Y. 520; Chitty on Con., 6th Am. ed., 778*a;* Bacon's Abr. Release, K; *Payler* v. *Homevsham*, 4 M. & S. 423; *Shook* v. *Illinois Central Ry. Co.*, 115 Fed. Rep. 57.

General words in a release are to be limited and restrained to the particular words contained in the recital. *Stonehewer* v. *Farrer*, 14 L. J., Q. B. 122; *Lyman* v. *Clark*, 9 Massachusetts, 234.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This action was originally brought in the District Court of Tarrant County, in the State of Texas, and removed by the railway company to the United States Circuit Court for the Northern District of Texas on the ground that the railway company is a corporation under the law of the United States. The trial resulted in a verdict for the defendant in error for the sum of $7,500, upon which judgment was entered. It was affirmed by the Circuit Court of Appeals.

The action was for personal injuries sustained by defendant in error through the negligence of the railway company. The defendant in error was a conductor on one of the company's freight trains, with which another train collided, "whereby," it is alleged, "plaintiff was seriously, painfully and permanently injured in many parts of his body and especially was he so injured in and about the head, eyes, back, sides, arms and shoulders, and in the organs and functions of his brain and in his entire mental and nervous system, and that as a result of said injuries plaintiff has, since the reception thereof, now is, and in the future will permanently be, helpless, injured and unsound of mind and body, and wholly incapable of transacting any kind of business or of doing any kind of mental or manual work, and that he now is and for the remainder of his life will be cared for and protected, if at all, by his friends and relatives.".

And it is also alleged:

"That as a result of said negligence and collision plaintiff further says he was badly burned about the legs, sides, back, arms, hands and head, and that his left eye has become seriously affected by reason of said injury thereto, and by reason of said injury to his head and nervous system affecting said eye, in so much that the value, use and sight of said eye is now greatly impaired and almost entirely lost, and that the sight of his right eye is also now considerably weakened and impaired by reason of its sympathy for his said left eye. That as a result of said negligence and injury plaintiff now suffers, has suffered and for all his life will continue to suffer great physical pain and much mental anguish and pain."

Among other defenses plaintiff in error pleaded a release executed by defendant in error on the second of February, 1901, which is as follows:

"Whereas on and prior to the 24th day of December, 1900, I, G. H. Dashiell, was employed by the Texas and Pacific Railway Co. as brakeman and extra freight conductor at or near Eastland, Texas, on the said 24th day of December, 1900, about 3.15 o'clock A. M. I sustained certain personal injuries in the manner and of the character described, to the best of my knowledge and ability, to wit:

"Extra east eng. 189 struck caboose of extra east eng. 255, 2½ miles east of Eastland, bruising my body, right leg, right arm, and giving me a scalp wound.

"And, whereas, it is by said railway company and myself mutually desirable to maintain amicable and pleasant relations and avoid all controversy in respect to said matter:

"Now, therefore, to that end, and in consideration of thirty and no /100 dollars, to me now here paid in cash by said Texas and Pacific Railway Company, I hereby release and acquit, and by these presents bind myself to indemnify and forever hold harmless said Texas and Pacific Railway Company from and against all claims, demands, damages and liabilities, of any and every kind or character whatsoever, for or on account

of the injuries and damages sustained by me in the manner or upon the occasion aforesaid, and arising or accruing, or hereafter arising or accruing, in any way therefrom.

"It is expressly understood that, although we remain as free to contract with each other as if this transaction had not occurred, the Texas and Pacific Railway Company has not and does not agree to bind itself to employ me at or for any time, or in any capacity whatsoever.

"And it is also expressly understood, that all promises and agreements respecting or in any wise relating to the subject hereof, are fully expressed herein and no others are made or exist."

The plaintiff in error further pleaded that defendant in error remained in its service and employment for about three months, and did at said time and at all times thereafter ratify and approve the release and all of its terms and provisions.

To that part of the answer which pleaded the release, defendant in error demurred, and also answered alleging that (1) at the time of its execution and ratification, if it was ratified, he was of unsound mind; (2) he and plaintiff in error were mistaken as to the extent of his injuries and did not contemplate the result set out in his petition; (3) the release was without consideration.

These defenses to the release were disposed of by the court as follows:

"On the question of the release of the defendant from liability for the injury sustained by plaintiff you are charged that the agreement entered into between the plaintiff and the defendant company, which has been introduced in evidence, is a release of the defendant from liability for the particular injuries which are enumerated in the face thereof, to wit: injuries to his body, right leg, right arm and a scalp wound. The court does not, however, construe it to be a release for the injuries alleged to have been received by him resulting in the impaired mental powers, and in the partial loss of sight in his left eye. These injuries are those for which damages

are sought in this action, and the consideration of which will be submitted to you in this charge:"

This interpretation of the release was affirmed by the Court of Appeals, and presents the only question in the case.

Plaintiff in error contends that the release was intended "to be a final settlement of all claims growing out of the accident." The defendant in error contends that it was a settlement only of the particular injuries enumerated.

An instantly occurring objection to the contention of plaintiff in error is that if the release was a settlement of all claims growing out of the accident, why enumerate the particular injuries. The mere collision of the trains was of no consequence independent of the injuries which resulted, and it was for the injuries satisfaction was to be made, and satisfaction would be measured by the visible injuries, and because measured by them they would be enumerated. If the accident alone was settled for there was a more direct way of accomplishing it.

But let us analyze the release. It commences with the recital of the relation of defendant in error with plaintiff in error, and that he "sustained certain personal injuries in the manner and of the character described, to the best of his knowledge and ability." Then follows this: "Extra east eng. 189 struck caboose of extra east eng. 255, 2½ miles east of Eastland, bruising my body, right leg, right arm, and giving me a scalp wound." For the injuries compensation was fixed at $30, with the additional consideration, let us say, in order to fully exhibit the contention of plaintiff in error, of the desire mutually entertained by him and defendant in error (we quote from the release), "to maintain amicable and pleasant relations and avoid all controversy in respect to said matter." Upon the word "matter" plaintiff in error puts its main reliance; indeed, makes it dominant of the meaning of the release. The contention is that it refers to the accident, not to the injuries, the latter serving only to identify the accident which "was the cause of action." This is an

attempt to separate the inseparable. The negligence of plaintiff in error caused the accident which resulted in injuries to defendant in error and constituted his right or cause of action, and was the matter to which the release was addressed, but the extent of the release, whether it is confined to the injuries enumerated or includes other injuries, depends upon the other words of the release. They are as follows:

"I hereby release and acquit and by these presents bind myself to indemnify and forever hold harmless said Texas and Pacific Railway Company from and against all claims, demands, damages and liabilities of any and every kind or character whatsoever, for and on account of *the injuries* and damages sustained by me in the manner or upon the occasion aforesaid, and arising or accruing or hereafter arising or accruing in any way therefrom."

We may admit that there is some ambiguity in these words. The release is "of all claims of every kind and character whatsoever," arising, not from all injuries and damages sustained, but from "*the* injuries and damages sustained." That is the specific or enumerated injuries sustained "in the manner or upon the occasion aforesaid," and the results of those injuries. The words "in the manner and upon the occasion" are a mere tautological identification of the collision and cause of the injuries. They add nothing else whatever to the meaning of the release. This construction gives purpose to the enumeration of the injuries and to all of the provisions of the release. And the rule of construction should not be overlooked that general words in a release are to be limited and restrained to the particular words in the recital. The rule is illustrated by the case of *Union Pacific Railway Company* v. *Artist*, 60 Fed. Rep. 365. Artist was an engineer in the employ of the company and sustained injuries while switching cars. The release passed upon recited that it was "For amount agreed upon in settlement of claim of Andrew S. Artist against the Union Pacific Railway Company on account of injuries received." The injuries were specified, and the release recited

"settlement is in full of all claims and demands of whatever character," and concluded with a release "of all manner of actions, causes of action, suits, debts and sums of money, dues, claims and demands, whatsoever in law or equity." Passing on the effect of the release, Circuit Judge Sanborn, speaking for the Court of Appeals of the Eighth Circuit, applied the rule, citing *Jackson* v. *Stackhouse*, 1 Cow. 122, 126, and 2 Pars. Cont. 633 note.

In *Lumly* v. *Wabash Railroad Company*, 76 Fed. Rep. 66, the rule was also applied by the Circuit Court of Appeals of the Sixth Circuit. The instrument enumerated the injuries received, released the railroad company "from all actions, suits, claims, reckonings, and demands for, on account of, or arising from injuries so as aforesaid received, and any, every and all results hereafter flowing therefrom."

*Quebe* v. *Gulf, C. & S. F. R. R. Co.* (Texas), 81 S. W. Rep. 20, is cited in opposition. The case can be distinguished. Notwithstanding some of its expressions, we do not think it was the intention of the court to impugn the rule which qualifies general words by the particular words in a recital. The trial court submitted to the jury as a question of fact whether the release was intended to be confined to the injury mentioned in the release. Quebe contended that the release was so confined, as a matter of law. The Supreme Court, replying to it, said that the intention was "to release the cause of action rather than to acknowledge receipt of payment for a part of the damage." The court admitted the existence of the rule of construction relied on, and that it was supported by many authorities, but used language which seemed to confine it to cases where the release is attacked on the ground of mistake or fraud, and not to apply it when the interpretation or construction of language of a release is under consideration. This is certainly a doubtful limitation of the rule. The purpose is not to set aside or reform an instrument, but to ascertain its scope and meaning. In the case at bar, however, mistake is charged, and there is evidence tending to show that

defendant in error's skull was fractured, and it was from that the impairment of his sight and mental powers resulted. Such effects, the testimony tended to show, could not result from a simple wound to the scalp. There was testimony going to show, therefore, that the injuries to defendant in error's skull, brain and eye were not known to the parties when the release was executed, and that his impaired mental powers and loss of sight were the results of those injuries, and not the result of those which were enumerated.

In *Union Pacific Railway Co.* v. *Harris*, 158 U. S. 326, a written release was set up in bar of an action for damages against the railway company. Several defenses were made to the release, among others, "that the minds of the parties never met on the principal subject embraced in the release, namely, the damages for which the action was brought." This defense was complicated in the instructions of the court with the defenses of fraud and mental incompetency to understand the terms and extent of the release, and it is difficult to make satisfactory extracts from the charge of the trial court. Enough, however, appears to show that the court submitted to the jury the fact of mistake of injuries received as bearing on the effect of the release, and this action was affirmed by this court.

It follows from these views that judgment should be and it is

*Affirmed.*

Mr. Justice Brewer, Mr. Justice Brown and Mr. Justice Peckham dissent.