### CONTINENTAL CASUALTY CO. v. BRADBURY. (No. 8948.)

(Court of Civil Appeals of Texas. Dallas. March 8, 1924.)

#### On Motion for Rehearing.

1. Appeal and error ⊚⟱882(14) —Party requesting submission of issue concedes sufficiency of evidence to justify it.

Defendant, in requesting submission of issues, thereby conceded sufficiency of evidence to justify and require submission and that no other issues were necessary.

2. Insurance ⊚⟱603—Payment for disability not release as to liability for death.

Where accident insurance policy provided against loss of time caused by accidental injury and in addition thereto for payment of face of policy to beneficiary in case of insured's death caused by means stated, payment for loss of time and receipt therefor *held* not to operate as a release as to the liability for his subsequent death from the same injury.

3. Appeal and error ⊚⟱218(2) — Defendant precluded from questioning proceedings ignoring issue in absence of request for submission.

Where action on accident policy was submitted on special issues requested by defendant, it is precluded from questioning validity of the proceeding because an unrequested issue as to its right to credit for an amount paid or to be released because thereof was ignored in disposition of the case.

4. Alteration of instruments ⊚⟱3—Accident policy not materially altered by erasure of insured's name.

That the name of insured in accident insurance policy was changed from James B. to John B., after delivery by defendant's agent, would not have constituted a material change so as to destroy the contract, where John B. was the contracting party and recognized as such.

5. Appeal and error ⊚⟱1002—Verdict on conflicting or weak evidence not disturbed.

It is not within the province of the Court of Civil Appeals to disturb a verdict because based on conflicting or weak evidence.

6. Pleading ⊚⟱377—Sworn allegation of notice of death of insured not denied under oath dispensed with proof.

Sworn allegation in action on policy of accident insurance of due notice of death of insured and beneficiary's claim under the policy not denied under oath as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 5714, dispensed with production of proof.

Appeal from Dallas County Court; Frank G. Harmon, Judge.

Action by Addie Bradbury against the Continental Casualty Company. Judgment for plaintiff was affirmed on defendant's appeal, and defendant moves for a rehearing. Motion overruled.

Lawther, Pope & Leachman, of Dallas, for appellant.

John M. Tipps, of Dallas, for appellee.

VAUGHAN, J. On the 26th day of January, 1924, after due consideration, the judgment of the court below was affirmed without written opinion, and the case is now before us on appellant's motion for rehearing.

This was a suit on an accident policy filed the 13th day of April, 1922. On the 1st day of April, 1921, the assured, John A. Bradbury, took out with appellant an accident and health policy, No. 4191620, for which he paid the initial premium and agreed to pay additional premiums stipulated for in said

---

⊚⟱For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

policy; all premiums were paid in due time. The policy provided for the payment of indemnity at the rate of $60 per month for loss of time in case of accident, and for the payment of $600, the face of the policy, to his beneficiary, Addie Bradbury, his wife, in case of death resulting from a personal bodily injury effected solely and independently of all other causes by the happening of an external, violent, and accidental event.

The policy contained the following provisions:

"Part One, Specific Accident Indemnity.

"If within the limit of time named within this part, any one of the following losses shall result to the assured, necessarily and solely from such injury as is before described, the company will pay the respective indemnities provided and also will pay said accident indemnity for the period intervening between the date of the injury and the occurrence of the loss, (a) for loss of life, said principal sum.  *  *  *  The limit of time referred to in this part is five years in all cases where the insured is at once after the happening of the accidental event, wholly disabled thereby from engaging in any labor or occupation and remains continuously so disabled until the occurrence of the loss. Said limit of time is ninety days in all other cases."

On the 14th of June, 1921, the assured was standing in the rear of a one-horse wagon preparing to load supplies for his store. His horse started suddenly, jerking the wagon and causing him to fall, striking his head violently against the pavement and inflicting bodily injuries from which he was confined to his bed for 20 days. His head hurt continuously; he was never free of pain; he was able to walk to his store, but only to remain there a few minutes, then he would be compelled to return to his home and lie down on the bed; he was never able to work or follow any occupation. On the 9th day of July, 1921, appellant paid to the assured the sum of $40 for loss of time as provided for in the policy. At this time he was able to be up, but in a few days was again confined to his bed until his death on the 18th of October, 1921, from the effects of the wound received by him on the 14th day of June, 1921.

[1] The case was submitted to the jury on the following issues, the first of which was answered, "No," and the other two, "Yes."

"Has the name of the insured in the policy been changed from James A. Bradbury to John A. Bradbury since the delivery of the policy to Bradbury by the agent of the defendant Continental Casualty Company?

"Did such injury necessarily, solely, and independently of all other causes, result in the death of John A. Bradbury?

"Was the said John A. Bradbury wholly and continuously disabled by said injuries from engaging in any labor or occupation from the date of said injuries to his death?"

Neither of these issues was challenged by appellant or others requested by it to be submitted. This, in effect, determined that no other issues were raised by the evidence. In other words, the case was tried upon this theory, and the parties should now be estopped from repudiating the proceedings from which the result sought to be annulled flowed, as it is to be presumed that no other issues were required to be submitted in order to properly present for determination all matters in controversy between litigants. Hopkins v. Donaho, 4 Tex. 336.

Therefore, in order to dispose of this appeal, it was only necessary for this court to determine one proposition: Was there sufficient evidence to support the findings of the jury on the issues submitted?

[2] On the 9th day of July, 1921, the assured was paid indemnity for 20 days' time, $40, and thereupon he executed his release, which we quote in part as follows:

"In full payment, satisfaction and release of any and all claims that I, myself, my heirs, executors, administrators and assigns or beneficiaries, now have, or may hereafter have, against said company under policy No. 4191620, for or on account of injuries or illness sustained by me on or about June 14th, and any loss that may hereinafter result from said injury or illness."

Appellant contends that the execution of said instrument constituted a complete defense to appellee's cause of action, and, if not, then in the alternative, if appellee was entitled to recover the full indemnity of $600, that appellant was entitled to have said sum of $40 allowed as a credit, reducing the amount of the recovery to $560. The payment of the sum of $40 to the assured, recited in said release, was at the rate of $2 per day for the loss of 20 days' time from his business, which, we think, from the language of the policy above quoted, was clearly within its terms; therefore would not operate as a release from liability to pay the indemnity provided for in the event of his death, as the terms of the policy provide against the loss of time caused by accidental injury at the rate of $60 per month, and, in addition to the loss of time, for the payment of the face of the policy to the beneficiary therein named in case of death of the assured caused by accidental means as therein stated. This being true, then the payment of one feature of the policy would not operate as a release as to the other liability provided for in said policy. Fidelity Casualty Co. v. Mountcastle (Tex. Civ. App.) 200 S. W. 862.

[3] Furthermore, although this issue was presented by appellant's pleading, and followed up by the introduction of evidence in support of same, which would have required the submission of said issue, if requested, yet its submission was not called for by appel-

lant; therefore the rule above announced, with reference to a litigant being bound by a theory on which he developed and tried his case, applies with equal force to this proposition.

The right to have the $40 paid under said receipt applied as a credit was not even raised as an issue in the pleadings, or requested to be submitted as an issue for the jury to determine. The nearest approach to injecting that as an issue into the case being merely the introduction of said receipt in evidence; and, under the rule above announced, even if said issue had been properly raised by the pleadings and supported by evidence, failure to request the submission of same would preclude appellant from now questioning the validity of the proceedings on the ground that said issue was ignored in the disposition of the case.

[4] It is contended by appellant that the policy sued on showed a material alteration and interlineation on its face, in that the policy as originally issued was to James A. Bradbury and that there appeared to be an erasure of the name "James A." and the addition of the name "John A." so as to make it read John A. Bradbury instead of James A. Bradbury.

The evidence shows beyond question that appellant and John A. Bradbury were the contracting parties; that appellant issued to John A. Bradbury an insurance policy, delivered it to John A. Bradbury, recognized John A. Bradbury as the insured, accepted the money of John A. Bradbury as John A. Bradbury in payment of premiums, and issued a check payable to John A. Bradbury in the sum of $40 for the loss of time caused by the accident which finally resulted in his death.

Appellee, Addie Bradbury, testified that no change had been made in the policy by the insured after its delivery, and, furthermore, the records kept by appellant showed the policy in question "delivered to John A. Bradbury." And on this issue, properly submitted to the jury, a verdict was found against the contention of appellant.

The evidence introduced on this issue on the part of appellee was sufficient to support the verdict of the jury. However, we do not believe, even conceding that the change was made, that under the facts as developed from the evidence same would have constituted a material change so as to have destroyed the force and effect of said instrument as a binding contract between the parties thereto. Matson v. Jarvis, 63 Tex. Civ.

App. 376, 133 S. W. 941; Grimstead v. Briggs, 4 Iowa, 559; King v. Hunt, 13 Mo. 97; Humphries v. Guillow, 13 N. H. 385, 38 Am. Dec. 499.

[5] As to the issues submitted to the jury, there was ample evidence to support the verdict, and, under a long line of decisions not here necessary to quote, it is not within the province of this court to disturb a verdict because based upon conflicting or weak evidence. This can only be invoked by a proposition challenging the validity of the verdict of the jury on the ground that the findings are either contrary to or unsupported by the evidence.

[6] This brings us to the consideration of the last two questions presented by appellant, to wit:

"That no written notice of the accidental injury claimed to have been suffered by said John A. Bradbury, given to appellant, had been offered in evidence by appellee, and that no affirmative proof of the death of John A. Bradbury had been furnished to the company at its office in Chicago, Ill., or to its agent and representative, within 90 days after said death, had been offered in evidence by the plaintiff."

This case was tried on appellee's first amended original petition, duly sworn to by her, and the unsworn first amended answer of appellant. Appellee in her sworn pleadings properly alleged that due notice of the death of the assured, and of her claim under the policy, had been given to appellant. Appellant did not deny these allegations under oath; therefore, under the following provision of article 5714, V. S. T. C. S., to wit:

"In any suit brought under this and the preceding article it shall be presumed that notice has been given, unless the want of notice is especially pleaded under oath,"

—the production of proof in support of same was not required, not being necessary because the giving of such notice was presumed in the state of the pleadings in reference to said matter. Floyd v. Illinois Bankers' Life (Tex. Civ. App.) 192 S. W. 607.

In the concluding paragraph of appellant's motion it is stated, "No case is finally decided until it is rightly decided." In this we most cheerfully concur. And, as a reexamination of the record has convinced us that the case was in the first instance rightly decided, we will therefore finally conclude same by overruling appellant's motion for rehearing.

Overruled.