## INTER–OCEAN CASUALTY CO. v. JOHNSTON.

### No. 1084.

Court of Civil Appeals of Texas. Waco.

March 3, 1932.

Rehearing Denied March 31, 1932.

Geo. K. Holland, of Dallas, for appellant.

Weatherby & Rogers, of Waco, for appellee.

ALEXANDER, J.

This suit was instituted by appellee to recover of the appellant the amount alleged to be due on an accident insurance policy. The policy provided for monthly accident insurance in the sum of $100 per month for a period of two years for total disability and $50 per month for a period of six months for partial disability. It insured the appellee,

"(b) Against total loss of time while under the care of and attended by a legally qualified physician or surgeon, not exceeding two years, resulting from such injuries as immediately and continuously from the date of accident, wholly disable and prevent the insured from performing any and every kind of work or business; * * *

"(c) Or, if such injuries shall immediately, wholly and continuously from date of accident, disable and prevent the insured from performing at least one-fourth·of the important daily duties pertaining to his occupation, or in the event of like disability not immediately following injury, but within thirty days of the date of such injury, the company would pay the insured for the period of such disability, not exceeding six months, $50.00 monthly * * *."

The appellee was injured in an automobile accident on January 3, 1925. He was carried to an emergency hospital where a scalp wound was treated. The physician who treated him informed appellee that his only injury was a scalp wound and that his injuries were not serious. The appellee returned to his office the next day and resumed his labors. He carried on his work at the office as best he could until he suffered a collapse on the following July 2d. The appellee sought to recover the sum of $100 per month for total loss of time for a period of two years and in the alternative the sum of $50 per month for partial disability for a period of six months. The appellant, in addition to entering a general denial, alleged that the appellee failed to seasonably notify the company of the injury and failed to file proof of loss, and further alleged an accord and satisfaction and that appellee's claim had been compromised and settled by delivery to appellee of a check for the sum of $23 and that appellee had executed a full release therefor. The jury found that appellee, as a result of the injury received on January 3, 1925, was immediately and continuously from said date, wholly disabled and prevented from performing any and every kind of work or business for a period of two years, while attended by a legally qualified physician or surgeon; that the injury did, within thirty days of the date of the accident, disable and prevent appellee from performing at least ·one-fourth of his daily tasks; that appellee gave written notice to appellant of the claim sued upon as soon as was reasonably possible under the circumstances for him to have done so; that when appellee received and indorsed the $23 check, neither he nor the appellant knew of the injury to his back and that neither appellee nor appellant had in contemplation a settlement of any injury to appellee's back; that appellee in accepting the check relied upon the statement of the doctor who treated him at the sanitarium to the effect that his injuries were confined only to a scalp

wound. Based upon the jury's findings, the trial court entered judgment for appellee for $4,135, the amount due for total disability for the full period of two years, together with statutory penalty, interest, and attorney's fees. The defendant appealed.

We are confronted at the outset with the motion of appellee to strike the statement of facts, first, because same was not approved by the attorney for the appellee; and, second, because the statement of facts is in narrative form and not in question and answer form as required by Revised Statutes, article 2239, as amended in 1931, 42d Legislature, First Called Session, page 75, chapter 34, section 3 (Vernon's Ann. Civ. St. art. 2239). The statement of facts shows to have been approved, signed, and ordered filed by the trial judge and is therefore sufficient without being signed by the appellee or his attorney. The presumption is that the parties failed to agree, although it is not so stated by the trial judge. Bath v. Houston & T. C. Ry. Co. 34 Tex. Civ. App. 234, 78 S. W. 993; McGlasson v. Fiorella (Tex. Civ. App.) 228 S. W. 254; Thurman v. First State Bank of Carbon (Tex. Civ. App.) 300 S. W. 123. Moreover, we think the affidavit filed by appellee's attorney shows that he orally authorized the trial judge to approve the statement of facts.

The statement of facts is in narrative and not question and answer form. The amendment to article 2239 did not become effective until May 18, 1931. Prior to that time the statement of facts had been prepared in accordance with the old law and had been approved by the trial judge and filed in the trial court. It was not filed in the appellate court, however, until after the amendment became effective. We think the statute contemplates that the statement of facts approved by the trial judge and properly and timely filed in the trial court shall be presented to the appellate court as a part of the papers in the case. Since the statement of facts was approved by the trial judge and filed in the trial court in accordance with the law then in force, the appellant, having seasonably presented same to the appellate court, was entitled to have same filed therein.

The appellant insists that the court should have given an instructed verdict in its favor because there was no evidence to show either a total or partial disability on the part of the insured as the result of said injury within the meaning of said policy. We think the evidence was sufficient to raise a question of fact for the jury as to insured's right to recover for partial disability. In view of the fact that the case must be reversed on another ground, we do not deem it necessary at this time to pass on the sufficiency of the evidence to show total disability.

The appellant further contends that there was a complete accord and satisfaction of the company's liability to the insured and that appellee for the sum of $23 settled with the company and released it from all liability under the policy. Under the provisions of the policy the company bound itself, in the event of injuries necessitating surgical treatment but not resulting in disability, to reimburse the insured for the cost of such treatment, or in the event the insured was treated at a hospital and was entitled to accident benefits, to guarantee and pay the hospital fees not to exceed one month's benefits, same to be deducted from amount payable to insured. About thirty days after appellee was injured he wrote the company a letter notifying it of the accident, in which letter he stated: "A gash in my head was sewn up at a local sanitarium, but so far I have lost no time from my work because of the accident, and at the present, have no claim except for the hospital and surgical fees, and hope to never have because of this accident. Please send blanks for filing claim." The company forwarded the necessary blanks. The appellee filled out the blanks and stated therein that he was willing to accept the surgeon and hospital fees of $23 in full settlement of his claim. He returned the proofs to the company with a letter in which he stated that if the claim was paid promptly, he would accept the hospital fee of $23 in full settlement. The company forwarded to him a check for $23, on the back of which was a release in full, releasing the company from all claims accrued or to accrue against the company on account of any accident already sustained. The appellee signed and returned the release. The appellee testified that at the time he filed his claim he did not know that he had suffered any injury other than a scalp wound. He knew that he was not able to carry on his work as he had done prior to the injury, but did not attribute his physical condition to the injury. Several months after the injury and after the release had been executed, an X-ray was made of appellee's spine and he discovered for the first time that his condition was due to an injury of the spine. The jury, in answer to special issues, found that at the time appellee accepted the check for $23 and signed the release, neither he nor the appellant knew of the injury to his back; that they did not have in contemplation the settlement of the injury to appellee's back; that appellee had relied on the statement of the physician who treated the scalp wound that he was not seriously injured and that if appellee had known of the injury to his back he would not have accepted the check for $23 in settlement of his entire claim. We think the evidence supports the verdict.

In the first place, we do not think there was any consideration for the alleged accord and satisfaction. The company, under the

provisions of the policy, was bound to guarantee and pay the amount of surgical and hospital fees whether the insured was entitled to accident benefits or not. There was no dispute about the amount of the hospital fees nor the liability of the company therefor. It is well settled that payment by a debtor of a liquidated demand presently due and to which he has no defense which can be urged in good faith or with color of right, and especially when there is no dispute between the parties, is not of itself sufficient consideration to sustain the discharge of other claims against the debtor. 1 Tex. Jur. 266, § 26; Woodall v. Pacific Mutual Life Ins. Co. (Tex. Civ. App.) 79 S. W. 1090; Fidelity & Casualty Ins. Co. v. Mountcastle (Tex. Civ. App.) 200 S. W. 862; Chicago, R. I. & G. Ry. Co. v. Vesera (Tex. Civ. App.) 237 S. W. 349, par. 6.

In the second place, we do not think the parties contemplated a settlement for the injuries herein sued for. At the time the parties settled the claim, they thought the only injury that had been sustained by the appellee was a small scalp wound from which he soon recovered. It was thought that the only liability was for the hospital fees. The only claim filed was for these fees and the preliminary negotiations were for the settlement of the hospital fees only. The consideration paid was for the exact amount of the hospital fees incurred. Up to the time the company forwarded to the insured the check in settlement of his claim, no mention had been made of a settlement of the company's liability for loss of time. There was no formal contract entered into for a release of the entire claim. The first time that any mention was made of a release of the company's entire liability was when the company forwarded to the insured a check in settlement of the hospital fees, on the back of which was a release in full. The insured signed the release in order to cash the check.

■ Moreover, there was such a mistake of fact by the parties as to the nature and extent of the injuries as to authorize a court of equity to avoid the release. We understand the rule to be that where it is sought to set aside a release because of mistake as to the character and extent of the injuries sustained and it is apparent from the surrounding facts and circumstances, the consideration paid, and the character of the unknown injury, that the purpose of the release was to compensate for apparent injuries only, and that serious, unknown injuries were not in contemplation of the parties, equity will grant the relief, although in its terms the release is broad enough to cover all injuries resulting from the particular accident, and especially where the release was executed under the belief that the injuries

were trivial when as a matter of fact they were serious. L. R. A. 1916B, 776; 23 R. C. L. 390; Texas & Pacific Ry. Co. v. Dashiell, 198 U. S. 521, 25 S. Ct. 737, 49 L. Ed. 1150; Lumley v. Wabash Ry. Co. (C. C. A.) 76 F. 66; Union Pacific Ry. Co. v. Artist (C. C. A.) 60 F. 365, 23 L. R. A. 581. At the time the parties settled the claim, they thought the insured's injuries were trivial, when as a matter of fact they were serious. They thought his only injury was a scalp wound, when as a matter of fact he had sustained a fracture of the spine. The consideration paid was so inadequate for the settlement of the entire claim as to suggest a mistake of facts. This was not a mistake of fact as to the unknowable effect of a known injury nor as to the future unknown duration of a known condition, but was a mistake as to the existence of a serious injury unknown to the parties. It was not a mistake as to the future, but a mistake as to a present existing fact. It is apparent that the purpose of the settlement and the release was to compensate appellee for the debt incurred for hospital fees only, and that the serious injuries to his spine were not in the contemplation of the parties. The facts show that such unknown injury was never discussed nor considered by the parties and it would be inequitable to allow such a release to stand.

■■ The appellant also contends that the appellee was not entitled to recover because there was no proof that he seasonably notified the company of the injury as provided in the policy, nor that the appellee filed proof of loss as provided therein. The evidence was sufficient to support the verdict of the jury that notice of the injury was properly given to the company. Moreover, the appellee alleged the giving of proper notice and the appellant failed to deny same under oath. Under the provisions of Revised Statutes, article 5546, it is presumed that such notice is given unless a sworn plea is filed by the defendant denying such notice. Revised Statutes, article 5546; Continental Casualty Co. v. Bradbury (Tex. Civ. App.) 259 S. W. 306, par. 6.

■ The same rule, however, does not apply to the allegation that proof of loss was properly filed. There is a distinction between notice and proof of loss. The above statute applies to notice, but does not apply to proof of loss. Austin v. Ætna Casualty & Surety Co. (Tex. Com. App.) 300 S. W. 638, par. 2.

■ The policy provided that "unless affirmative and final proofs under oath shall be delivered to the company * * * within three months from * * * the termination of disability, all claims therefor shall be forfeited." The burden was on appellee to

allege and prove that such proofs of loss had been filed or that they had been waived by the company. Mutual Benefit Health & Accident Ass'n v. Shelton (Tex. Civ. App.) 27 S.W.(2d) 845, and cases there cited. The appellee did not allege that he had filed proofs of loss. He did allege that demand for payment had been made, but that payment had been refused and that the defendant refused to send blanks for the purpose of preparing claim. The petition did not allege when demand for payment had been made, nor when nor for what reason the company refused payment, nor that the company had denied liability nor waived the filing of proofs of loss. The appellee testified that the company refused payment and refused to send blanks for filing proofs of loss, but the evidence does not show when such refusal was made. A denial of liability by the company within the time for filing proof of loss would be sufficient to constitute a waiver, but a mere refusal to pay, especially if made after the benefits under the policy had been forfeited for failure to file proper proofs, would not constitute a waiver. Lone Star Finance Co. v. Universal Automobile Ins. Co. (Tex. Civ. App.) 28 S.W.(2d) 573, par. 6. If appellee relied on waiver to relieve him of the necessity of filing proof of loss, he should have pleaded same. East Texas Fire Ins. Co. v. Brown, 82 Tex. 631, 18 S. W. 713; Lone Star Finance Co. v. Universal Automobile Ins. Co. (Tex. Civ. App.) 28 S.W.(2d) 573, par. 7. The refusal to furnish blanks for filing proofs of loss, if requested in time, might ordinarily constitute a waiver, but in this case the policy provided: "If such forms are not so furnished (by the company) within fifteen days after the receipt of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting within the time fixed in the policy for filing proofs of loss, written proofs covering the occurrence, character and extent of the loss for which claim is made." By this provision the appellee contracted to furnish such proofs even though the company refused to furnish blank forms therefor. The appellee did furnish a preliminary proof of loss shortly after he was injured, but he did not make claim therein for compensation for the loss of time as herein sued for, and same was therefore not proof of the extent of the loss. Since the appellee neither alleged nor proved that proofs of loss for the claim sued for were furnished within the time provided in the policy nor that same were waived, the case must be reversed. It may be that this phase of the case will be more fully developed upon another trial.

The judgment of the trial court is reversed, and the cause remanded for a new trial.