**ÆTNA CASUALTY & SURETY CO. v. AUS-
TIN, State Banking Com'r.   (No. 1888.)**

(Court of Civil Appeals of Texas. El Paso.
May 20, 1926.   Rehearing Denied
June 10, 1926.)

1. **Insurance ☞430—Director, indebted to bank
in amount allowed by law, procuring another
to obtain loan from bank and having money
placed at his disposal, performs "dishonest
act" within meaning of bond indemnifying
bank against dishonest acts of employees.**

Director of bank, indebted to bank in amount
allowed by law, procuring another to obtain loan
from bank and having money placed at his dis-
posal, without knowledge of other directors,
wrongfully withdraws and misapplies bank's
money and performs a "dishonest act," within
meaning of bond indemnifying bank against loss-
es through dishonest acts of employees.

2. **Insurance ☞430.**

As respects fidelity insurance, placing money
borrowed from bank at disposal of officer of
bank is not of itself a fraud on bank, but is a
loan to borrower bound to repay same.

3. **Insurance ☞430—As respects fidelity pol-
icy, loan by bank to third party, placed at dis-
posal of bank officer indebted to bank, to be
relieved of taint of dishonesty, must be ap-
proved by board of directors.**

Loan by bank to third party, placed at dis-
posal of officer of bank indebted to it to amount
allowed by law, to be relieved of taint of dis-
honesty, must be done with knowledge and ap-
proval in good faith of board of directors act-
ing with full knowledge of facts.

4. **Insurance ☞430—Agreement by officer of
bank to pay pre-existing debt of third party
to bank before making of improper loan is not
dishonest act as respects fidelity bond.**

Agreement by officer of bank to pay pre-
existing debt of third party to bank, incurred
before making improper loan to third party,
placed at disposal of officer, is not a "dishonest
act" within meaning of bond indemnifying bank
against losses through dishonest acts of em-
ployees.

5. **Appeal and error ☞957(1)—Judgment ☞
139.**

Setting aside of judgment by default is
matter within sound discretion of trial court,
which will not be interfered with on appeal, in
absence of abuse.

6. **Banks and banking ☞67—Passing of insol-
vent bank into hands of banking commissioner
carried with it cause of action against surety
for dishonest acts of director of another bank
which had been taken over by insolvent bank.**

Where bank took over all assets of another
bank in failing circumstances, passing of for-
mer bank into hands of banking commissioner
carries with it all assets of latter bank for
liquidation, including cause of action against
surety company for dishonest acts of director.

7. **Appeal and error ☞931(4)—Trial court,
rendering judgment against surety company
on bond, is assumed to find on conflicting evi-
dence that loss was discovered within time re-
quired by bond.**

Trial court, rendering judgment against
surety company on bond indemnifying bank
against losses through dishonest acts of em-
ployees is assumed to find on conflicting evi-
dence that loss was discovered within period
provided for in bond.

8. **Pleading ☞291(3)—Plea in bar of suit on
bond for failure to give notice of loss within
time prescribed, not verified, is a nullity (Rev.
St. 1911, art. 5714).**

Plea in bar of suit on bond for failure to give
notice of loss within time prescribed by bond,
not verified, is a nullity, in view of Rev. St. 1911,
art. 5714, raising presumption that notice was
given unless want of notice is specially pleaded
under oath.

9. **Pleading ☞422.**

Failure to verify plea required by law to be
verified is waived unless excepted to and plea
is sufficient basis for admission of evidence in
support thereof.

10. **Insurance ☞539(1)—Provision of fidelity
bond that period for giving notice and proof
of loss should be deemed amended to period
permitted by law is valid, and amends bond ac-
cordingly (Rev. St. 1911, art. 5714).**

Provision of fidelity bond that any limitation
for submitting proofs of loss prohibited by law
is deemed amended to period permitted by law
is valid, and amends time within which notice
and proof of loss should be given to a reason-
able time not less than 90 days, in conformity
with Rev. St. 1911, art. 5714.

11. **Pleading ☞5.**

Generally facts which need not be proven
need not be averred.

12. **Insurance ☞634(2), 645(2)—Petition to
recover on fidelity bond, failing to aver com-
pliance with provision requiring proof of loss,
is demurrable, and evidence not showing that
proofs were furnished is insufficient to support
judgment.**

Petition to recover on bond indemnifying
bank against losses through dishonest acts of
employees, failing to aver compliance with pro-
vision requiring proof of loss, is demurrable,
and evidence failing to show that proofs were
furnished is insufficient to support judgment.

13. **Insurance ☞539(1)—Stipulation in fidel-
ity bond, requiring notice of loss within 10
days after discovery and proofs of loss within
3 months or minimum period provided by stat-
ute, held not violative of statute prohibiting
provisions requiring notice to be furnished in
less than 90 days (Rev. St. 1911, art. 5714).**

Stipulation in bond indemnifying bank
against losses incurred through dishonesty of
employees, requiring notice of loss within 10
days after discovery and proofs of loss within
3 months or minimum period provided by stat-
ute, *held* not violative of Rev. St. 1911, art. 5714,
prohibiting provisions requiring notice to be
made in less than 90 days.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Eastland County; Elzo Been, Judge.

Suit by Chas. O. Austin, State Banking Commissioner, against the Ætna Casualty & Surety Company and another. Judgment for plaintiff, and defendant named appeals, and plaintiff cross-appeals. Affirmed in part, and in part reversed and remanded.

Lawther, Pope, Leachman & Lawther, of Dallas, and Conner & McRae, of Eastland, for appellant.

Spencer & Rogers, of San Antonio, for appellee.

HIGGINS, J. This is a suit by the commissioner of banking against O. H. Taylor, and the Ætna Casualty & Surety Company. Upon trial without a jury, the plaintiff recovered judgment against Tayler for $7,776.74, the amount of the principal, interest, and attorney's fees due upon his note for $4,914.31, hereinafter mentioned, and against the Ætna Company for $1,500. The Ætna Company appeals. The commissioner presents cross-assignments. The court below did not file separate findings and conclusions. As to the material facts there is no dispute. They are as follows:

The Guaranty State Bank and the First State Bank, both of Eastland, Tex., were incorporated under the banking law of this state. On or about April 20, 1921, the first-named bank became insolvent. It was having heavy withdrawal of its deposits. The closing of its doors and liquidation by the banking commissioner was imminent and inevitable. The condition of the First State Bank was not sound, but it was in better condition than the Guaranty Bank. The State Bank feared the effect of the failure of the other bank. To prevent its failure and the liquidation of its business by the banking commissioner, the State Bank took over all of the assets of the Guaranty Bank except its banking house, furniture, and fixtures, in consideration of which the State Bank assumed the payment of all debts of the Guaranty Bank except some purchase-money notes against the house and lot where its business was conducted. This transfer occurred on or about April 20, 1921, whereupon the Guaranty Bank closed its doors and ceased to do business. The evidence discloses that the State Bank was to liquidate the assets of the Guaranty Bank and account to the stockholders thereof for any surplus, if any, above its liabilities.

Prior to the transaction stated, the appellant company issued to the Guaranty Bank a bond whereby it agreed to indemnify the bank against the direct loss, sustained while the bond was in force and discovered as thereinafter provided, of any money or securities, through any dishonest act, if any, of its employees as defined in the bond, whether acting alone or in collusion with others. The premium upon this bond had not been paid on April 20, 1921. On May 4, 1921, the State Bank paid the premium earned to that date and returned the bond to the county for cancellation, which was done. On January 19, 1924, the State Bank passed into the hands of the banking commissioner for liquidation of its affairs. This suit is by the commissioner in that capacity.

Upon April 20, 1921, and for some time prior thereto, P. S. Wolfe was a director, president, and salaried employee of the Guaranty Bank. Defendant Taylor and Wolfe were brothers-in-law. Prior to February 14, 1921, Taylor was indebted to the Guaranty Bank as evidenced by his note for some amount in excess of $3,000. Taylor owned some real estate in Eastland; the title thereto being held in his mother's name. This property was subject to a vendor's lien securing two notes of Taylor for $1,500 each, one of which matured about the date last stated. At that time Wolfe was already indebted to his bank in the amount allowed by law, and could not legally borrow further from it. Wolfe agreed to buy from Taylor the real estate mentioned and assume the payment of Taylor's indebtedness to the bank and the two notes for $1,500. Taylor, at Wolfe's direction, conveyed the property to Wolfe's mother. One of the $1,500 notes was then in the bank for collection. Wolfe did not have the money to meet the same or to pay the note of Taylor held by the bank. The $1,500 note was paid by the bank, and the amount paid charged to Taylor's account. Thereupon Taylor, at the request of Wolfe, executed to the bank the note for $4,914.31 herein sued upon, of date February 14, 1921, payable 6 months after date. This note covered the previous indebtedness of Taylor and the amount paid upon the $1,500 note. Wolfe did not sign the note. At the time it was agreed between Wolfe and Taylor that the former would pay the same in a few days, but in fact it was never paid, and both became unable to pay same. The note passed to the State Bank in the manner shown above.

In effect, the contention of the commissioner is that the transaction between Wolfe and Taylor was a dishonest act upon the part of Wolfe towards the bank acting in collusion with Taylor, because Wolfe was already indebted to the bank in the amount allowed by law, and by the transaction he thereby acquired and used additional funds of the bank and acquired property which rendered Taylor unable to pay the note. On the other hand, the casualty company contends that the transaction was not a dishonest act within the meaning of the bond.

It is evident from the judgment rendered that the trial court regarded the transaction as dishonest with respect only to the item

of $1,500; that being the amount for which judgment was rendered against the company.

[1] The term "dishonest act" is very broad and comprehensive. Upon the evidence disclosed by this record, the trial court correctly held that, as to the item of $1,500, there was a wrongful withdrawal and misapplication of the money of the bank by Wolfe for his own purposes, and that this was a dishonest act within the meaning of the bond. Maryland Casualty Co. v. Farmers' State Bank & Trust Co. (Tex. Civ. App.) 258 S. W. 584; U. S. v. Breese (C. C.) 173 F. 402; U. S. v. Northway, 120 U. S. 327, 7 S. Ct. 580, 30 L. Ed. 664; Ferguson v. State, 80 Tex. Cr. R. 383, 189 S. W. 271.

[2] We do not desire to be understood as holding that in all instances such a conclusion would follow upon a mere showing that an officer of the bank, already indebted to the bank in the amount allowed by law, had procured some one to obtain a loan from the bank and placed the money thus obtained at the disposal of such officer upon the latter's agreement with such person that he would pay the note. It is the business of banks to loan their money, and the borrower can do as he pleases with the money borrowed. If he sees fit to borrow and place it at the disposal of such officer, this of itself is not a fraud upon the bank. The transaction in effect is a loan by the bank direct to such person, who is bound to repay the same. If the bank is willing to extend such credit to one it considers responsible, it has the right to do so. On the other hand, the officers of a bank can loot it under the guise of loans made to third persons.

[3] In order to have relieved the transaction between Wolfe and Taylor as to the item of $1,500 from the taint of dishonesty upon the part of Wolfe towards the bank, it must have appeared that it was done with the knowledge and approval in good faith of the board of directors, acting with full knowledge of all the facts. If it had been shown that Taylor was regarded by the board as responsible and himself entitled to a loan to pay the $1,500, and a full disclosure made to the board of the entire transaction and they in good faith, in the exercise of the authority vested in them, had approved and authorized such loan to Taylor, then we think the transaction could not be regarded as a dishonest act on the part of Wolfe. Citizens', etc., v. National Surety Co. (Tex. Com. App.) 258 S. W. 468. But the evidence in the case fails to meet this test. The evidence disclosed the transaction between Wolfe and Taylor as detailed above, also loans made to other persons who placed the money thus obtained at the disposal of and which was used by Wolfe. Among the loans was one to Wolfe's mother of $15,000. It is shown that the directors were not advised of the agreement between Wolfe and Taylor. This established a wrong-

ful abstraction and misapplication by Wolfe of the bank's money. We are therefore of the opinion, as to the item of $1,500, Wolfe was shown to have committed a dishonest act against the bank.

[4] But, as respects the balance of the money sued for, the court below properly refused recovery. That money was loaned to Taylor long before the transaction in question. Wolfe's agreement to pay the same could not in any wise operate to the prejudice of the bank. Taylor's obligation to pay the same remained unimpaired. Nor can it be said that the agreement resulted in any loss to the bank. It would be going entirely too far to say that Wolfe's agreement with Taylor to pay Taylor's pre-existing debt to the bank was a dishonest act within the meaning of the bond, or that any loss resulted to the bank by reason thereof.

This disposes of the company's contention that no dishonest act was shown, and the commission's cross-assignment complaining of the refusal to render judgment against the company for the full amount sued for.

[5] The commissioner also assigns error to the action of the court in setting aside a judgment by default previously rendered against the company for the full amount sued for. This is a matter which rested in the sound discretion of the trial court. No abuse of that discretion is shown, for which reason the matter presents no error. Belknap v. Groover (Tex. Civ. App.) 56 S. W. 249. The remaining assignments are presented by the company. Under various assignments and in different form it questions the right of the banking commissioner, liquidating the affairs of the State Bank, to maintain this action upon the bond in favor of the Guaranty Bank.

[6] The legal effect and result in fact of the passing of the State Bank into the hands of the commissioner was to carry the Guaranty Bank with all of its assets into the hands of the commissioner for liquidation. Austin v. Duffer (Tex. Civ. App.) 279 S. W. 318. Whether the cause of action herein be an asset of the one bank or the other, it has, in either event, passed to the commissioner for enforcement.

[7] Under the bond, the appellant is not liable for a loss unless discovered during the life of the bond or within 12 months after its termination or cancellation. It is asserted the evidence discloses the loss was not discovered within the prescribed period. There is evidence to that effect, but there is also the testimony of the witness Overby that it was discovered prior to January 1, 1922. It must be assumed the trial court found in accordance with the latter evidence.

Section 16 of the bond provides that, not later than 10 days after the discovery of loss, the insured should give the underwriter notice thereof at its home office, and also within 3 months after such discovery furnish

affirmative proof of such loss with full particulars. It also limited the time for bringing suit upon the bond. This section of the bond also provides:

"If any limitation embodied in this paragraph is prohibited by any law controlling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law."

In Citizens', etc., v. National, etc. (Tex. Com. App.) 258 S. W. 468, it was held that article 5714, R. S. 1911, applies to stipulations as to notice of loss contained in bonds of the character here involved. That article provides that any stipulation requiring notice to be given in a less period than 90 days shall be void.

[8] In bar of the action, the appellant pleaded failure to give such notice in 10 days and proof of loss within 90 days. This plea was not verified. Under the statute, such limitation of time as to notice of loss is invalid, but in that connection the company relies upon the provision quoted whereby the time limit was amended to the minimum period permitted by article 5714.

[9] The amendatory ·feature is hereafter considered. In any event the failure to verify is fatal to the plea in so far as notice of loss is concerned. Frances v. International, etc. (Tex. Civ. App.) 260 S. W. 938. Article 5714 provides that it shall be presumed that notice has been given, unless the want of notice is specially pleaded under oath. It is not every plea which the law requires to be verified that is treated as a nullity when not verified. In pleas of that nature a failure to verify is waived, unless excepted to. They constitute a sufficient basis for the admission of evidence in support thereof. Pleas of want or failure of consideration are of this nature. On the other hand, an unverified plea of non est factum is treated as a nullity. The reason for the distinction in the two pleas is that, in the latter, verification destroys the plaintiff's prima facie case made by statute and casts upon the plaintiff the burden of introducing proof other than the instrument itself to support his cause of action. Thomason v. Berry (Tex. Com. App.) 276 S. W. 185.

In view of the presumption created by article 5714, the unverified plea of failure to give notice must be treated as a nullity. Therefore appellant's plea of failure to give notice of loss, as required by the amended provision of the bond, and its evidence tending to show that such notice was not given, presents no defense because its plea was not verified.

The bond sued upon was attached as an exhibit to the plaintiff's petition. The company, by its second assignment, complains of the overruling of demurrers to the petition. By the third and fourth assignments it questions the sufficiency of the evidence to support the judgment. The demurrer was to the effect that the petition was defective in failing to aver compliance with the conditions in the bond precedent to the right of recovery. The attack upon the sufficiency of the evidence relates to the failure to prove notice of loss and proof of loss.

[10] The quoted provision of section 16 of the bond, to the effect that, if any limitation embodied in that paragraph was prohibited by any law, then such limitation should be deemed amended so as to equal the minimum period permitted by such law, is valid, and its effect was to amend the time within which notice and proof of loss should be given to a reasonable time, not less than 90 days, in conformity with article 5714, R. S. 1911. Ins. Co. v. Scott (Tex. Civ. App.) 218 S. W. 53, approved by Commission of Appeals in Texas, etc., v. Fidelity, etc., 244 S. W. 113.

[11] It is, in general, unnecessary to aver a fact which need not be proven. Railway v. Bayliss, 62 Tex. 570; Van Norman v. Wheeler, 13 Tex. 316. Under article 5714, notice of the loss was presumed to have been given, unless want thereof was specially pleaded by the defendant and verified. In view of this statutory provision, we doubt if a requirement as to notice of loss should be regarded as a condition precedent, compliance with which must be pleaded by the plaintiff. But there is a distinction between notice and proof of loss. 33 C. J. 6; Delaware v. Brock, 109 Tex. 425, 211 S. W. 779; Fire Ass'n, etc., v. Strayhorn (Tex. Com. App.) 211 S. W. 447; American, etc., v. Blaine (Tex. Civ. App.) 272 S. W. 828.

In Delaware v. Brock, supra, Justice Greenwood said:

"Article 5714, R. S., cannot change the date of payment as expressly stipulated for in the policy contract with relation to the required statement under oath of the insured's knowledge and belief as to the time and origin of the fire and like matters, no matter whether it does or does not dispense with the immediate notice required by the policy. The statute obviously cannot apply beyond the matter of notice of the claim for loss or damage to the insured property. The policy just as obviously does require something more than notice, and something essentially different from mere notice. That which is required has very positive value to the insurer, wholly apart from carrying to him notice of a claim for loss or damage."

[12] It has been uniformly held that provisions in policies of fire insurance requiring proof of loss are conditions precedent to a recovery. Ins. Co. v. Mattingly, 77 Tex. 162, 13 S. W. 1016; Ins. Co. v. Dyches, 56 Tex. 565; Ins. Co. v. Clancy, 71 Tex. 5, 8 S. W. 630; Id., 83 Tex. 113, 18 S. W. 439. A petition which fails to aver compliance with a provision requiring proof of loss is subject to general demurrer. Texas, etc., v. Bowlin (Tex. Civ. App.) 70 S. W. 797; Texas, etc., v. Black (Tex. Civ. App.) 254 S. W. 1029.

[13] We are of the opinion that a stipulation as to proof of loss is not within the scope and operation of article 5714, unless it requires such proof to be made in less than 90 days. Delaware, etc., v. Brock, and Fire Ass'n, etc., v. Strayhorn supra, as well as Ins. Co. v. Chase, 89 Tex. 214, and Ins. Co. v. Jefferson Ice Co., 64 Tex. 578. We think such is the effect of the opinion of the Supreme Court in refusing a writ of error in American, etc., v. Blaine, 277 S. W. 619, where it was said:

"We do not agree, however, with the Court of Civil Appeals that the clause in the policy providing for proof of loss to be furnished at the home office of the company within 60 days is not in violation of Revised Statutes 1925, art. 5546 (Vernon's Statutes, art. 5714)."

Article 5714 could and would be rendered nugatory if it were held that the statute did not apply to a proof of loss which the contract required should be furnished in less than 90 days. Citizens' etc., v. National, etc. (Tex. Com. App.) 258 S. W. 468.

We think that, by its opinion in the Blaine Case, the Supreme Court intended to hold that a provision in a policy of insurance requiring proof of loss is not affected by article 5714 unless such provision requires the proof to be furnished in less than ninety days.

The plaintiff's petition did not aver that proof of loss had ever been furnished; neither was there any evidence that such proof had been furnished. The petition was therefore subject to general demurrer, and the evidence insufficient to support the judgment. The judgment will be reversed for this reason. Burns v. American Nat. Ins. Co. (Tex. Com. App.) 280 S. W. 762.

The remaining assignments and propositions are without merit.

The judgment against appellant is reversed, and the cause remanded. The judgment against Taylor is not disturbed.

Affirmed in part; reversed and remanded in part.