AUSTIN, State Banking Com'r, v. ÆTNA
CASUALTY & SURETY CO.
(No. 926–4705.)

Commission of Appeals of Texas, Section A.
Dec. 14, 1927.

1. Insurance ⚮539(1)—Indemnity bond requirement for loss notice within ten days of discovery held invalid; statute fixing minimum time for notices at ninety days (Rev. St. 1925, art. 5546).

Provision of indemnity bond, providing that not later than ten days after insured should discover any loss insured should give underwriter notice thereof, *held* invalid under Rev. St. 1925, art. 5546 (Rev. St. 1911, art. 5714), providing that stipulation requiring that notice be given of claim for damages at less period than ninety days as condition precedent to right to sue shall be void.

2. Pleading ⚮290(3)—Insured held required to allege and prove giving of timely proof of loss; absence of sworn special plea raising no presumption.

Under indemnity bond provision that insured should, within three months after discovery of loss, furnish underwriter affirmative proof of loss, insured had burden of alleging and proving that required proof of loss had been furnished, since presumption mentioned in Rev. St. 1925, art. 5546 (Rev. St. 1911, art. 5714), that notice for claim of damages has been given unless want of notice is especially pleaded under oath, was inapplicable.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Spencer & Rogers, of San Antonio, for plaintiff in error.

Conner & McRae, of Eastland, and Harry P. Lawther, of Dallas, for defendant in error.

NICKELS, J. This is a suit by plaintiff in error, Chas. O. Austin, commissioner of banking, against Ætna Casualty & Surety Company, defendant in error, to recover the amount of a loss sustained by the Guaranty State Bank of Eastland, Tex., under a bond issued by it to said bank, whereby it agreed to indemnify the bank against any direct loss of any money or securities, through any dishonest act of its employees. Plaintiff in error recovered judgment in the district court, but this judgment was on appeal to the Court of Civil Appeals reversed, and the cause remanded. 285 S. W. 951. The case is here submitted on application for writ of error granted by the Supreme Court.

Section 16 of the bond is as follows:

"This bond is subject to the following express conditions: At the earliest practicable moment, and at all events not later than ten days after the insured shall discover any loss hereunder, the insured shall give the underwriter notice thereof by registered letter or telegram, addressed to it at its home office, and shall also, within three months after such discovery, furnish to the underwriter at its home office affirmative proof of loss with full particulars. Legal proceedings for recovery of loss hereunder shall not be brought prior to the expiration of three months from the furnishing of such proof, nor after the expiration of twelve months from the discovery of such loss. If any limitation embodied in this paragraph is prohibited by any law controlling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law."

Plaintiff in error did not allege in his petition that proof of loss as required by this section of the bond had ever been furnished, and there is no evidence in the record showing or from which it could be inferred that such proof of loss had been furnished. The Court of Civil Appeals held that the burden to allege and prove that the required proof of loss had been furnished was on plaintiff in error, and based its judgment of reversal on this holding.

Article 5546, Revised Civil Statutes of 1925 (article 5714, R. C. S. 1911), provides:

"No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at less period than 90 days shall be void, and when any such notice is required, the same may be given to the nearest or to any other convenient local agent of the company requiring the same. * * * In any suit brought under this * * * article it shall be presumed that notice has been given unless the want of notice is especially pleaded under oath."

[1, 2] The notice dealt with in the statute is such notice as is made "a condition precedent to the right to sue," and the regulation is in respect to the judicial remedy. Section 16 of the bond, however, makes reference to two things, namely, notice in respect to discovered loss and "affirmative proof of loss" to be given "within three months after such discovery." In our opinion, the first subject with which the bond provision deals is within the statutory regulation, and the second, contrarily, is in respect to an essential part of the cause of action itself and hence without the statute. For this reason, we hold the presumption mentioned in article 5546 is not relevant to the matter of "affirmative proof of loss," as stipulated. For cases more or less in point, see Delaware v. Brock, 109 Tex. 425, 211 S. W. 779; Ins. Co. v. Chase, 89 Tex. 214, 34 S. W. 93; Ins. Co. v. Jeffer-

---

⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

son Ice Co., 64 Tex. 578; American, etc., Co. v. Blaine, 115 Tex. 147, 277 S. W. 619; and other cases cited in the opinion of the Court of Civil Appeals. Whether the statute would have application in case "affirmative proof of loss" were required within less than ninety days is not here involved, and in respect to that matter we neither express nor imply a conclusion. The case as brought to the Supreme Court involves only the question discussed.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.