## LONE STAR FINANCE CO. v. UNIVERSAL AUTOMOBILE INS. CO.

No. 9418.

Court of Civil Appeals of Texas. Galveston.

April 30, 1930.

Abe W. Wagner and A. Milton Vance, both of Houston, for appellant.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, and Cole, Cole, Patterson & Kemper, of Houston, for appellee.

LANE, J.

This suit was brought by the Lone Star Finance Company against Universal Automobile Insurance Company to recover upon an insurance policy issued by the last-named company on the 11th day of June, 1926, by the terms of which a certain automobile was insured against theft, robbery, or pilferage of parts thereof, for a period of one year, beginning on the 20th day of August, 1926, and ending on the 20th day of August, 1927.

Lone Star Finance Company was the owner of certain notes executed by the owner or purchaser of the automobile, together with a lien on the same to secure payment of said notes. The loss provided for by the policy, if any, was by its terms made payable to the owner of the notes in so far as his or its interest might appear.

On the 16th day of June, 1927, the garage in which the automobile was stored was burglarized and the automobile insured was so stripped of its parts and injured as to be practically worthless. At the time such parts were stolen the car was worth more than the sum due on the notes held by the plaintiff, which was the sum of $311.

Plaintiff alleged that it duly performed all of the conditions required of it under the terms of said policy and in due time after such theft and pilferage gave due notice of said theft and proof of said theft and loss.

The policy sued upon contains the following conditions, limitations, and agreements:

By item 2 under the head of "Schedule of Perils" in the policy sued upon, theft, robbery, and pilferage are named as acts insured against.

Item N under such heading reads as follows: "Upon the occurrence of any loss or accident covered under Section 2 of the Schedule of Perils, and irrespective of whether any injury or damage is apparent at the time, the Assured shall give immediate written notice to the Company at its Underwriting Office in Dallas, Texas, or to its authorized agent, with the fullest information obtainable at the time."

Item O under such heading reads as follows: "No suit or action on the policy with respect to loss or damage to the property insured hereunder or for the recovery of any claim on account of such loss or damage shall be sustainable in any court of law or equity unless the Assured shall have fully complied with all the requirements hereof, nor unless commenced within twelve (12) months next after a cause of action for the loss accrues; provided that where such limitation of time is prohibited by the laws of the State wherein this policy is issued, then in that event no suit or action under this policy shall be sustainable unless commenced within the shortest limitation permitted under the laws of such State."

Defendant answered by a general denial and demanded strict proof by plaintiff of its claim.

While the foregoing statement is not in every respect full and accurate, it is sufficiently so to properly and succinctly present the contentions of the parties to this appeal.

A jury was chosen and impaneled to try the cause, but, after the plaintiff had introduced its evidence, the court, on motion of defendant, instructed the jury to return a verdict for the defendant. Such verdict was returned, and upon the same judgment was rendered for defendant. The plaintiff has appealed.

The evidence introduced by appellant shows that the policy in question was issued to one Gault of Lufkin, Tex., who purchased the automobile from Duncan Watts, a dealer in automobiles; that as a part of the purchase price Gault executed and delivered to Watts his certain promissory note for $414, and that at the same time he executed and delivered to Watts a chattel mortgage on the automobile to secure payment of said note; that such note and mortgage were duly transferred to appellant, Lone Star Finance Company, who was the owner of the same at the time this suit was filed; that at such time there was still due and payable a balance of $311 on the note; that some time after Gault purchased the car he delivered it to Watts, who placed it in his garage for safe-keeping, and requested Watts to try to sell it; that while the car was in the garage it was, on June 16, 1927, stripped of its parts, so as to render it practically worthless, by some parties who broke into the garage.

Duncan Watts testified that he reported the stripping of the car to a Mr. Greer, a representative of Lone Star Finance Company, in about two weeks after the car was stripped, but was not certain of the date he reported the same to Mr. Radnesky, president of Lone Star Finance Company; that on October 28, 1927, he made affidavit showing that the car had been stripped and handed it to Mr. Radnesky; he testified that Mr. Greer was the representative of Lone Star Finance Company, and that he visited witness' place of business almost monthly; that the theft was

not reported to the appellee insurance company until October 29, 1927.

Though the undisputed evidence shows that the car was stolen or stripped 'of its parts about June 16, 1927, there is no evidence showing or tending to show that the insurer was ever notified in writing or otherwise of such theft until October 29, 1927, more than four months after such theft occurred.

Notwithstanding the facts stated and the provisions of the policy requiring that notice in writing of such theft should be given to insurer immediately after such theft occurred as a prerequisite to the right of the insured to recover, insured, appellant here, contends that the court erred in instructing a verdict for the insurer, upon the contention that such provision for notice is void as in contravention of article 5546, Revised Civil Statutes of 1925, the pertinent parts of which are as follows: "No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void. * * * In any suit brought under this and the preceding article it shall be presumed that notice has been given unless the want of notice is especially pleaded under oath."

Appellant makes the further contention that, as appellee has not pleaded under oath the failure of assured to give immediate notice of the theft of the car to the insurer, that part of the contract of insurance which provides for such notice is not available to insurer as a defense, as under such circumstances the giving of such notice is, under the authority of article 5546, presumed.

Appellant's contention cannot be sustained. The statute relied upon by appellant in plain terms refers to "notice of a *claim for damages*," and it is such notice which by the statute may be presumed in the absence of a plea under oath that such notice was not given.

The policy forming the contract between the insured and the insurer, on the other hand, has reference to two things as conditions precedent to recovery thereon: (1) Notice of the theft, and (2) the furnishing of proof of loss showing the amount of damages and the amount claimed.

As counsel for appellee has in their brief so ably expressed the conclusions reached by us, we here substantially copy and adopt them as our own:

"Clearly, the statute does not cover both of these requirements. If it refers to the requirement for notice of loss, it cannot be said to also refer to the provision for furnishing proof of loss, since the two are separate and distinct and have different purposes and functions. Likewise, the presumption mentioned in the statute has reference to the preceding parts of the Article and it cannot refer to both notice and proof of loss but must refer to one of the two.

"Appellee's contention under this proposition is that Article 5546, the inhibition as well as the presumption, is inapplicable to an automobile theft insurance policy, and particularly to the policy involved in this suit, and particularly to the notice provision in the policy involved.

"The right reserved to appellee in the policy to be furnished with immediate written notice of loss is a very valuable right. As indicated by its terms, such provision was so inserted for the purpose of giving the insurer the right and opportunity, upon being notified of a loss, to take prompt and effective means of recovering the property. Owing to the efficacy of our automobile registration and other automobile laws, it is quite difficult for a thief to escape apprehension provided pursuit is instituted immediately. The stolen article itself is of such a nature that it is impracticable to attempt concealment and exceedingly difficult, if not impossible, to barter—provided the authorities have been notified and are on the lookout for the stolen car. On the other hand, a few days delay, or a few months—the longer the time the worse for the owner—may enable the thief to escape entirely with his plunder. During such period the car may be taken out of the state, may be dismembered and sold in parts, or may even be driven or sold upon the streets of the same town wherein it was stolen. This is true of any article like automobiles, large numbers of which of similar size and make are in circulation among the public.

"This notice provision was therefore obviously inserted in the contract of insurance not for the purpose of requiring the giving of insurer notice of a claim for damage, but, on the contrary, of giving it an opportunity to obviate a claim by recovering the property. In many cases, after the giving of such notice, the stolen property would be recovered and there would be no claim under the policy. But if the stolen property were not recovered and claim should be asserted, then that would be something additional to the notice of loss and wholly distinct from it.

"In the case of Travelers' Insurance Co. v. Scott, 218 S. W. 53, 57, by the Fort Worth Court of Civil Appeals, writ of error refused by the Supreme Court, a suit on an employers' liability policy, the Court said:

" 'We very gravely doubt the application of this statute to the particular question before us. It is evident that the statute is restrictive and in derogation of the common-law right to freely contract, and therefore, under well-settled rules, to be construed strictly. So construing the statute, it is to be noted that the stipulation to which the statute is directed relates to "any claim for

damages," and makes no direct reference to the question of requiring notice of an "accident." * * * Appellees cite in support of their contention several cases, but an examination of those cases will, we think, show that they are distinguishable in important particulars. Here, as has already been observed, the stipulations of the contract are not in the conjunctive form, having been made distinct and separable, as in their very nature they are distinct and separable. The inducements requiring notice of the accident and the inducements prompting a requirement of notice for damage may be readily apprehended.'

"In the case of Texas Glass & Paint Co. v. Fidelity & Deposit Co. of Maryland by the Commission of Appeals, Section B, 244 S. W. 113, 114, a suit on an accident policy, notice of the accident having been delayed for twenty-one months and the policy requiring immediate notice, the first contention was that such provision was void because in violation of the statute. The Commission of Appeals disposed of this contention in the following language:

" 'The case of Insurance Co. v. Scott (Tex. Civ. App.) 218 S. W. 53 (writ of error refused) decides the first of these contentions adversely to plaintiff. That suit was upon the same character of policy here involved, which contained, in substantially the same language, the above-quoted clauses (b) and (m). No notice was given the insurer until 17 months after the accident. The Court of Civil Appeals reversed a judgment in favor of the assured and rendered judgment for the insurer, upon the holding that, even if article 5714 applies to a stipulation for "immediate notice of an accident," that stipulation must be held to be modified by clause (m), and that, when the two clauses are read together, the provision for "immediate notice" is "superseded" by article 5714 so as to require reasonable notice of not less than 90 days, and that a delay of 17 months was unreasonable as a matter of law. While the decision is rested upon this holding, the Court of Civil Appeals expressed grave doubt whether article 5714 is applicable to a stipulation for "immediate notice of an accident." It is not necessary for us to discuss this latter question or the holding upon which the decision is rested, since we consider the refusal of the application for writ of error as an adjudication by the Supreme Court denying plaintiff's first contention above.'

"The case of Southern Casualty Co. v. Landry (Tex. Civ. App.) 266 S. W. 804, 805, by the Beaumont Court of Appeals, is directly in point under this counter proposition. That case was a suit on an automobile theft insurance policy providing for immediate notice of loss. Landry failed to give said notice until seventeen days after the loss, and the appellant contended, as appellee does here, that it had theretofore been deprived of a valuable right; that one of the reasons for the insertion of the notice clause in the policy was that the company could at once, upon the happening of a theft, take steps to search out and apprehend the thief, recover the stolen property, and thus protect itself. Landry, appellee, contended that such provision of the policy was in contravention of the statute. The Court of Civil Appeals disposed of this contention as follows:

" 'We think that appellee's contention should be overruled. In the case of Insurance Co. v. Scott (Tex. Civ. App.) 218 S. W. 53, grave doubts were expressed as to whether article 5714 is applicable to a stipulation in an insurance contract for "immediate" notice of the happening of an occurrence insured against, but that said law applied to the notice to be given of· any claim for damages, and that it made no direct reference to the question of requiring notice of the happening of the things insured against. The statute invoked "is restrictive and in derogation of the common law right to freely contract, and therefore, under well-settled rules, to be construed strictly." Insurance Co. v. Scott, supra. This holding, we take it, was approved by the Supreme Court when it denied an application for writ of error in said case. Furthermore, in the case of Texas Glass & Paint Co. v. Fidelity & Deposit Co., 244 S. W. 113, this exact point was again under consideration by the Commission of Appeals, and the holding in Insurance Co. v. Scott, supra, was followed.'

"The trial court's decision in this case was affirmed on the theory that 'immediate notice' is reasonable notice and that the seventeen days delay was not an unreasonable delay. This question is not in the case at bar, since notice of the theft of the car at Lufkin was not given until one hundred and thirty days after the loss, being forty days longer than the ninety day period declared reasonable by legislative enactment."

See, also, American Nat. Ins. Co. v. Burns (Tex. Civ. App.) 273 S. W. 339, which follows the Scott decision and the others from which we have quoted.

The cases of Citizens' Guaranty State Bank v. National Surety Co. (Tex. Com. App.) 258 S. W. 468, Austin v. Ætna Casualty Co. (Tex. Com. App.) 300 S. W. 638, and Western Ind. Co. v. Free & Accepted Masons (Tex. Com. App.) 268 S. W. 728, cited by appellant as supporting its contentions, are, we think, easily distinguishable from the case before us.

The case of Citizens' Guaranty State Bank v. National Surety Co., supra, involved the construction of a clause in an employer's fidelity bond requiring ninety days' notice "of any loss in respect of which liability of the company is claimed." The court held

that this provision was tantamount to a "notice of a claim for damages." Page 470 of 258 S. W. The opinion then goes on to make the very distinction claimed by appellee in this case, expressly distinguishing the Scott Case, supra, "and cases following it."

■ Notice that an automobile had been stolen is not "notice of a claim for damages" as that term is used in article 5546, supra. It is only notice of the happening of an event upon which liability may or may not result, dependent upon its being given in manner and within the time stipulated for its delivery in the contract entered into between the parties for such delivery. It is apparent that the very purpose for contracting for the notice by appellee was to give it an opportunity to take steps to recover the automobile in case it was stolen. To disregard the distinction between a notice that a car has been stolen and notice of a claim for damages is to seriously infringe upon the common-law right of contract and to virtually destroy contracts entered into insuring automobiles. No insurance company could afford to insure an automobile against theft without requiring notice to be given in case of theft. Upon the receipt of such notice the insurer would, no doubt, proceed in an attempt to recover the car to save itself from loss, a probability by no means remote; while if it has no such notice the car might and would most likely be a total loss to its owner, which loss would ultimately fall on insurer under the terms of the policy issued by it.

One provision of the policy is that the assured, within sixty days after any loss occurs, shall render a statement to the insurer, signed and sworn to by assured, stating the knowledge and belief of the assured as to the place, time, and cause of the loss or damage, the interest of assured and all others in the property, the amount of damage and the amount claimed, and that assured agrees that any claim under the policy shall be waived unless such proof is so furnished within sixty days of the date of loss or damage.

It is further provided by the policy that no suit or action on the policy, with respect to loss or damage to the automobile incurred or for the recovery of any claim on account of any loss or damage, shall be sustained in any court of law or equity unless the insured shall have fully complied with all the requirements made of it or him by the terms of the policy. It is then provided "that where such limitation of time is (as set up in the policy) prohibited by law of the state * * * then in that event no suit or action under this policy shall be sustained unless commenced within the shortest limitation permitted under the laws of such state."

■ In addition to the reason already considered for sustaining the act of the trial court in instructing a verdict for appellee,

appellee presents the further contention that, notwithstanding the policy contains a provision for furnishing proof of loss within sixty days from date of loss as a condition precedent to a right of recovery, the time limit fixed by the policy for making proof of loss as a prerequisite to a recovery is not sixty days, but is ninety-one days, as following the sixty days' provision in the policy it is provided that, "if any of the terms or conditions of this policy conflict with the law of any state within which coverage is granted, such conflict in terms and conditions shall not be in operation in such state in so far as they are in conflict with such law. Any specific statutory provision in force in any state within which coverage is granted shall supersede any conflict of this policy inconsistent therewith" and also a provision that, "where the limitation of time fixed by the terms of the policy for making proof of loss or claim for damage is prohibited by laws of the state wherein this policy is issued, then in that event no suit or action under this policy shall be sustainable unless commenced within the shortest limitation permitted under the laws of such state"; the action of the court in instructing a verdict for appellee, as the undisputed proof shows that no proof of loss nor claim for damage was made to appellee at any time, should be sustained, as the prerequisite to the right of appellant to bring suit as agreed to by the parties had not been complied with on the part of appellant; that appellant is, under the facts and circumstances shown, not entitled to have its contention sustained upon the ground that appellee had waived proof of loss by its notice that it denied liability some five or six months after the loss occurred.

We agree with the contention of appellee. The provision of the policy for furnishing proof of loss within sixty days was amended to read ninety-one days, that being the minimum period provided by the law of this state. Such construction of the terms of the policy relating to limitation of time in which to make proof of loss is supported by uniform authorities. Travelers' Ins. Co. v. Scott, supra; Texas Glass & Paint Co. v. Fidelity & Deposit Co. (Tex. Com. App.) 244 S. W. 113, 114; Southern Surety Co. v. Aronson (Tex. Civ. App.) 5 S.W.(2d) 629; Ætna Casualty Co. v. Austin (Tex. Civ. App.) 285 S. W. 951; Id. (Tex. Com. App.) 300 S. W. 638.

By the terms of the policy, any claim which arose under the provisions thereof was waived by appellant when it failed to furnish appellee proof of loss within ninety-one days of the date of the loss or damage.

■ We also agree with appellee in the further contention that, if the presumption stipulated in article 5546, invoked by appellant, has any application to the proof of loss provisions of the policy in question, appellant is

in no position to avail itself of the benefit of such presumption, for the reason it did not plead any waiver on the part of appellee, and in such case evidence of waiver is inadmissible. It seems to be well settled that, in the absence of a plea of waiver, no recovery can be had on that theory. East Texas Fire Ins. Co. v. Brown, 82 Tex. 631, 18 S. W. 713; Henry v. Phillips, 105 Tex. 459, 151 S. W. 533.

No good can be served by a further discussion of the contentions of appellant. What we have already said is sufficient to demand at our hands an affirmance of the judgment, and it is accordingly so ordered.

Affirmed.