## COMMERCIAL STANDARD INS. CO. v. HARPER.*
### No. 1481.

Court of Civil Appeals of Texas. Waco.
March 15, 1934.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

F. R. Valentine and J. W. Spivey, both of Waco, for appellee.

ALEXANDER, Justice.

The plaintiff, J. W. Harper, recovered judgment in the lower court against the defendant, Commercial Standard Insurance Company, on an insurance policy issued by the defendant to insure the plaintiff against loss of his automobile by theft. The insurance company appealed.

The policy required the insured, in the event of the loss of his automobile by theft, to give "immediate notice" of such loss to the company. The appellant, by an unsworn plea, alleged that notice was not given within the time provided for in the policy, and sought to defeat liability by reason thereof. The evidence shows that the automobile was stolen on June 30, 1932. The insured reported the loss to the municipal police on the same day, but did not report to the company until July 28th of the same year. The jury found that notice of the loss was given to the company within a reasonable time.

Article 5546, Revised Civil Statutes of 1925, provides:

"No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing

*Rehearing denied May 10, 1934.

the time within which such notice shall be given at a less period than ninety days shall be void. * * * In any suit brought under this * * * article it shall be presumed that notice has been given unless the want of notice is especially pleaded under oath."

By the terms of the above statute, the provision of the policy requiring the insured to give "immediate notice" of the loss to the company is void unless it be held that by such provision it was intended that such notice should be given within a reasonable time. 24 Tex. Jur. 1093; Citizens' Guaranty State Bank v. National Surety Co. (Tex. Com. App.) 258 S. W. 468; Ætna Casualty & Surety Co. v. Austin (Tex. Civ. App.) 285 S. W. 951; Id. (Tex. Com. App.) 300 S. W. 638; Francis v. International Travelers' Ass'n (Tex. Civ. App.) 260 S. W. 938; Id., 119 Tex. 1, 23 S. W.(2d) 282; American Surety Co. v. Blaine, 115 Tex. 147, 277 S. W. 619; Western Indemnity Co. v. Free & Accepted Masons (Tex. Com. App.) 268 S. W. 728. If we undertake to give said provision of the policy that construction which will make it legal, and, as a consequence, hold that it was intended that such notice should be given within a reasonable time, then under the terms of the statute we must hold that a notice given within ninety days after the loss was within a reasonable time. The undisputed facts show that notice was given within thirty days after the loss and therefore within the time provided by statute. Moreover, the jury found that notice of the loss was given within a reasonable time, and the finding of the jury on this issue is binding on the appellant. General Accident Fire & Life Assurance Corp. v. Butler's Ice Cream Factory (Tex. Com. App.) 5 S.W.(2d) 976. Furthermore, we do not think the appellant could raise the issue of want of notice in the absence of a sworn plea. American Indemnity Co. v. Mexia Independent School District (Tex. Civ. App.) 47 S.W.(2d) 682, par. 4.

In the case of Lone Star Finance Co. v. Universal Automobile Ins. Co., 28 S.W.(2d) 573, the Court of Civil Appeals at Galveston held that the statute in question did not apply to a clause in an automobile theft policy requiring immediate notice of the theft. We think such holding is contrary to the holding of the Supreme Court in the cases hereinbefore cited. Moreover, we think the disposition made by the Galveston court of that case can be fully justified on another and different reason given by the court therein and that the ruling of the court on the point here under consideration was unnecessary to a disposition of that case. The ap-

pellant's contention in this respect is overruled.

There was a rider attached making the policy payable to Standard Realty Company, mortgagee, "as its interest may appear," to secure the payment of the sum of $119 as evidenced by two promissory notes, one in the sum of $87 dated February 23, 1932, and payable in monthly installments of $14.50, and the other in the sum of $32.40 dated February 27, 1932, and payable in monthly installments of $8.10, which indebtedness was warranted to be the only indebtedness against the property. Said rider contained the following provision:

" * * * This policy shall be wholly void if any of the above statements are inaccurate in any respect, or if any change is made in any of the notes representing said indebtedness or encumbrance, otherwise than by payment thereof, or if the property shall become otherwise encumbered in any way whatever by any lien of any amount whatever, or if any of the said notes shall not be completely paid and the indebtedness represented thereby wholly discharged on or before ten days after the maturity thereof, without grace. * * * "

■ After the issuance of the policy, the installment notes above referred to were transferred by Standard Realty Company to Joe Gooch and the latter owned said notes at the time the automobile was stolen. The company insists that the transfer of these notes to Gooch amounted to a violation of the above-quoted provision of the rider wherein it is provided that "if any change is made in any of the notes representing said indebtedness or encumbrance otherwise than by payment thereof," the policy shall be void. In our opinion, the above-quoted provision does not undertake to prevent a change in the ownership of said indebtedness and consequently there was no breach of the terms thereof by merely transferring the notes from Standard Realty Company to Gooch.

■ The insurance company introduced some evidence to the effect that after Gooch acquired the notes in question he entered into an oral agreement with Harper by which the terms of said notes were changed and Harper was given additional time in which to pay said indebtedness. The company here contends that such change in the maturity date of said installments amounted to a violation of the terms of the above-quoted provision of the policy and that by reason thereof the court should have given an instructed verdict in its behalf. We are of the opin-

ion, however, that the evidence is insufficient to establish as a matter of law that the parties so agreed to change the maturity date of said installments, and since appellant failed to request a finding of the jury on this issue, such defense was waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

■■ At the time of the loss of the automobile on June 30, 1932, the installments due on the two notes hereinbefore described for the months of May and June were unpaid. At least one installment on each of said notes was more than ten days past due. The appellant insists that this amounted to a breach of the above-quoted provision of the rider. It is a familiar rule that provisions of this kind are to be construed most strongly against the insurance company. The above provision does not undertake to provide that there shall be no liability if any installment of said indebtedness shall not be completely paid within ten days after its maturity. The policy was to be void "if any of said notes shall not be completely paid and the indebtedness represented thereby wholly discharged on or before ten days after maturity thereof." The fact that said provision of the contract required that the "notes" be "completely paid" and the indebtedness represented thereby "wholly discharged" within the time mentioned in order to avoid a forfeiture, demonstrates clearly that liability was to be defeated only in the event all of the indebtedness evidenced by the notes was past due and in condition to be "completely paid" and "wholly discharged." The whole of the indebtedness represented by either of said notes was not due at the time of the loss and consequently there was no forfeiture of the policy.

The judgment of the trial court is affirmed.