son Ice Co., 64 Tex. 578; American, etc., Co. v. Blaine, 115 Tex. 147, 277 S. W. 619; and other cases cited in the opinion of the Court of Civil Appeals. Whether the statute would have application in case "affirmative proof of loss" were required within less than ninety days is not here involved, and in respect to that matter we neither express nor imply a conclusion. The case as brought to the Supreme Court involves only the question discussed.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.

Chas. O. AUSTIN, Commissioner, etc., v. ÆTNA CASUALTY & SURETY COMPANY. (No. 927–4706.)

Commission of Appeals of Texas, Section A. Dec. 14, 1927.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Spencer & Rogers, of San Antonio, for plaintiff in error.

Conner & McRae, of Eastland, and Harry P. Lawther, of Dallas, for defendant in error.

NICKELS, J. The disposition made of the case by the Court of Civil Appeals is shown in 285 S. W. 955. As brought to the Supreme Court, the case involves the same questions given disposition in our opinion in cause No. 926–4705 (300 S. W. 638), between the same parties.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.

Chas. O. AUSTIN, Commissioner, etc., v. ÆTNA CASUALTY & SURETY COMPANY. (No. 928–4708.)

Commission of Appeals of Texas, Section A. Dec. 14, 1927.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Spencer & Rogers, of San Antonio, for plaintiff in error.

Conner & McRae, of Eastland, and Harry P. Lawther, of Dallas, for defendant in error.

NICKELS, J. The disposition made of the case by the Court of Civil Appeals is shown in 285 S. W. 955. As brought to the Supreme Court, the case involves the same questions given disposition in our opinion in cause No. 926–4705 (300 S. W. 638), between the same parties.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.

SUTTON v. STATE. (No. 11209.)

Court of Criminal Appeals of Texas. Dec. 14, 1927.

1. Intoxicating liquors ⬦248—Affidavit for warrant to search home for liquor, predicated upon information and belief only, and not stating facts or basis of belief, held insufficient.

Affidavit for warrant to search defendant's home for intoxicating liquor, predicated upon information and belief only, and not stating any facts or showing information upon which belief was founded, held insufficient to authorize issuance of warrant.

2. Criminal law ⬦394—Where affidavit for warrant to search home for liquor was insufficient, evidence discovered by search was inadmissible.

Where affidavit for warrant to search defendant's home for intoxicating liquor was insufficient to authorize warrant because based upon information and belief only, evidence discovered as result of search was not admissible.

Appeal from District Court, Wilbarger County; Robert Cole, Judge.

Sheehy Sutton was convicted of possessing intoxicating liquor for the purpose of sale, and he appeals. Reversed and remanded.

Storey, Leak & Storey, of Vernon, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year and six months in the penitentiary.

[1, 2] The home of appellant was searched by officers and a quantity of whisky found. The validity of the search warrant was attacked by motion to quash the affidavit upon which the warrant was based, on the ground that the affidavit did not show "probable cause," and the receipt of the evidence showing the result of the search was objected to for like reason. The affidavit was predicated upon "information and belief" only, without stating any facts or showing what the information was upon which the belief was founded. The affidavit was insufficient to authorize the warrant, and the evidence discovered as a result of the search was improperly admitted. Chapin v. State (Tex. Cr. App.) 296 S. W. 1095; Stokes v. State (Tex. Cr. App.) 296 S. W. 1108; Peppers v. State