FIDELITY & DEPOSIT CO. OF MARY-
LAND v. FIDELITY FINANCE
CO. et al.

No. 12265.

Court of Civil Appeals of Texas. Dallas.
Oct. 30, 1937.

Rehearing Denied Dec. 18, 1937.

Albert B. Hall, of Dallas, for appellant.
Guthrie & Guthrie, of Dallas, for appellees.

LOONEY, Justice.

Fidelity Finance Company, appellee, a dissolved corporation, through its president and directors, acting as statutory trustees for creditors and stockholders of the corporation, sued the Fidelity & Deposit Company of Maryland, appellant, and Harold L. Goldstein, to recover the amount of an alleged loss sustained by appellee under a bond issued by appellant, agreeing to pay appellee the amount of any pecuniary loss caused through the dishonest act or acts of its employees; it being alleged that the loss sued for was sustained through the dishonest acts and conduct of Goldstein while an employee of appellee (Goldstein having died, his connection with the suit ended).

Appellant answered by a general denial and special pleas, to the effect that,

within a reasonable time after discovery, appellee failed to give appellant notice of Goldstein's alleged defaults, required by the bond as a condition precedent to recovery, and that, within 91 days after discovering Goldstein's defaults, failed to file with appellant proof of loss, also required as a condition precedent to recovery; and further that, prior to the institution of the suit, Goldstein admitted liability for certain items of the alleged loss and tendered to appellee the sum of $1,254 in payment thereof, which was rejected, thereby releasing appellant from any liability by reason of the premises.

The findings of the jury are to the effect that, by reason of the alleged dishonest acts and conduct of Goldstein, appellee suffered pecuniary loss to the amount of $3,231; that at the time (February 1, 1932) Goldstein was discharged by appellee, it did not know the full amount of the loss sustained; that this was not ascertained until April 21, 1933; and that, within a reasonable time thereafter, appellee notified appellant of said loss, and within 91 days thereafter filed with appellant proof of loss. On this verdict, the court rendered the judgment appealed from.

Appellant assigns error on the action of the court in refusing its request for an instructed verdict, also in denying its motion for judgment non obstante veredicto. These motions are based upon the contention that, after discovering the dishonest acts of Goldstein, causing the loss, appellee failed, for more than 14 months, to give appellant notice thereof, as required by the bond, and, for same length of time, failed to file with appellant proof of the loss claimed, both the notice and proof of loss being required by the contract, as conditions precedent to recovery.

Appellee counters with the proposition that whether or not the preliminary notice and proof of loss were given within the time required by the contract were questions of fact found by the jury in its favor of appellee; and further that, appellant having failed to plead under oath appellee's failure to furnish notice and file proof of loss, no proof by appellee on the issue was required, it being conclusively presumed (as provided by statute, article 5546) that, as required by the contract, notice was given and proof of loss filed.

The record discloses that, for several years prior to being discharged by appellee (February 1, 1932), Goldstein had managed its business and was its secretary and treasurer. The business conducted by appellee was that of lending money on diamonds, jewelry, automobiles, furniture, stocks, securities, etc., and, at the time Goldstein was discharged, the company held about 600 live loans, originally made to residents of Texas, many of whom, however, had moved from the state, rendering it somewhat difficult to readily check the status of the loans. Goldstein was discharged because it was discovered that he had made loans to himself, using the names of fictitious persons, and had committed other acts of fraud and dishonesty. Appellee knew of certain of his defaults and dishonest acts at the time of the discharge, but was not then apprised of their extent, or the full amount of the loss resulting therefrom. Although diligent, as we think, in efforts to ascertain the facts, appellee did not know the real situation and the extent of the loss until April 22, 1933; notice of which and affirmative proof were furnished appellant within less than 91 days after the ascertainment of the facts just stated. We think the evidence fully justified the verdict of the jury in regard to this matter.

The bond sued upon obligated appellant to pay appellee the amount of any direct pecuniary loss that it might sustain by reason of the dishonesty of Goldstein during the term of the year mentioned, "and while this bond is in force as to such employee and discovered before the expiration of two years from the termination of the employment of such employee * *," which, as heretofore shown, was on February 1, 1932. It is doubtless true that, prior to Goldstein's discharge, or soon thereafter, appellee knew of certain of its losses; but in the situation, we do not think it was required to give notice and furnish proof by installments, or until the full amount of the loss sustained was ascertained, which was not definitely known until April 23, 1933, when judgment was rendered against appellee in favor of the Provident Loan Society, recovering a batch of jewelry that had been fraudulently used by Goldstein as collateral for the loans made to himself in the name of fictitious persons. This collateral having been lost to the Provident Loan Company, and Goldstein being insolvent, the amount of the fictitious loans (to wit, $1,150 and interest) proved to be a clear loss, which, added to other items previously ascertained.

represented the full amount of the loss claimed by appellee.

In Fidelity & Deposit Co. v. Courtney, 186 U.S. 342, 22 S.Ct. 833, 836, 46 L.Ed. 1193-1197-1199, the bond sued upon provided that the employer shall immediately give the company notice in writing of the discovery of any default or loss. Disposing of a question similar to the one presented here, Justice White said: "The requirement of the bond was that the employer 'shall file with the company his or her claim hereunder, with full particulars thereof, as soon as practicable' after the giving of written notice of a default or loss"; saying further, "What was required was not a partial, but a full, statement of all the items of claimed misappropriations on which the right to recover upon the bond was based. The investigation to ascertain the various defaults of McKnight continued after the giving of the preliminary notice of default, and the evidence in the record fails to give any support to the contention that the proof of claim was unreasonably delayed, and was not made as soon as practicable after the full particulars thereof were ascertained." In Texas Glass & Paint Co. v. Fidelity & Deposit Co., 244 S.W. 113, 114, the Commission of Appeals, Section B, through Judge McClendon, discussing a similar provision of the policy, said: "While the language of clause (b) requiring immediate notice of 'an accident' is absolute, and, if construed with technical literalness is broad enough to require immediate report of every occurrence which might in any sense come within the general meaning of 'an accident,' still it would be manifestly unreasonable to require notice until the insured had been apprised of the occurrence, unless failure to be so apprised was due to the laches of assured; and similarly it would seem unreasonable to require report of such occurrences as would appear to have no reasonable relation to the subject-matter of the policy, or not at all likely to result in any claim or liability." So, we conclude that appellee was not required to give notice or furnish proof of loss until the full amount thereof was ascertained.

■ As before shown, appellant's plea, setting up the failure of appellee to furnish notice and proof of loss within the time required by the contract, claiming that compliance therewith in each respect was a condition precedent to recovery, was not under oath. This being the status, appellee was not required to prove that notice was given and that proof of loss was filed, this being presumed in the absence of a sworn plea presenting the issue. Article 5546 reads: "No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. * * * In any suit brought under this and the preceding article it shall be presumed that notice has been given unless the want of notice is especially pleaded under oath."

■ The pertinent provisions of the contract are: "Section B. Notification to Surety of Loss. First. The Employer shall notify the Surety by letter or telegram addressed and sent to it at its home office in the City of Baltimore, Maryland, of any default hereunder or of any other fraudulent or dishonest act on the part of any Employe, within a reasonable time after discovery thereof by the Employer * * *. Proof of Loss. Second. Within ninety days after discovery, as aforesaid, of any default causing a loss hereunder the Employer shall file with the Surety affirmative proof of loss, itemized and duly sworn to, on proof of loss form in use by the surety * * *." (The contract contains a conforming clause, to the effect that, if it contains any limitation for giving notice or filing claim prohibited or void by any controlling law, such limitation will be deemed amended, so as to equal the minimum period permitted by law.) As we construe the contract, the preliminary notice required in subdivision first, was in regard to a loss sustained by reason of Goldstein's default or dishonesty, affirmative proof of which, itemized and sworn to, was to be filed, as required in subdivision second; each being required, as conditions precedent to the right of appellee to recover. The provision of second subdivision that "after discovery, as aforesaid, of any default causing a loss hereunder," the employer, within the time required, shall file proof of loss, shows, we think, that the preliminary notice mentioned in subdivision first of "any default hereunder or of any other fraudulent or dishonest act on the part of any employee" related to a default or dishonest act causing a loss for which proof was required to be made; in other words, the preliminary notice and the final itemized proof required by the contract are simply

phases of the "notice of a claim for damages," mentioned in the statute, as a condition precedent to recovery, and that both the preliminary notice and the final proof of loss are within the meaning of article 5546. Unless a loss to appellee was caused by the default or dishonesty of its employee, no reason would exist for giving notice simply of his default or dishonesty. We do not think there is warrant for saying that one of these provisions of the contract is within the meaning of article 5546, and contrarily that the other is without the statute, because each relates to the same fact—that is, a loss sustained—and each is required as a condition precedent to recovery; so we think that, clearly, both are within the meaning of the statute (article 5546) providing that no stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue shall ever be valid, unless such stipulation is reasonable, and also providing that in any suit brought it shall be presumed that notice has been given, unless the want of notice is expressly pleaded under oath.

We are not unmindful, however, that in several adjudicated cases involving similar provisions of contracts, contrary views were expressed. In Travelers' Ins. Co. v. Scott, Tex.Civ.App., 218 S.W. 53, 57, Judge Connor, without deciding the point, expressed a doubt that the statute was applicable to the requirement in a contract for the preliminary notice. In Texas Glass & Paint Co. v. Fidelity & Deposit Co., Tex. Com.App., 244 S.W. 113, 114, Judge McClendon, referring to the opinion of Judge Connor, had this to say: "That suit was upon the same character of policy here involved, which contained, in substantially the same language, the above-quoted clauses (b) and (m). No notice was given the insurer until 17 months after the accident. The Court of Civil Appeals reversed a judgment in favor of the assured and rendered judgment for the insurer, upon the holding that, even if art. 5714 [now article 5546] applies to a stipulation for 'immediate notice of an accident,' that stipulation must be held to be modified by clause (m), and that, when the two clauses are read together, the provision for 'immediate notice' is 'superseded' by article 5714 so as to require reasonable notice of not less than 90 days, and that a delay of 17 months was unreasonable as a matter of law. While the decision is rested upon this holding, the Court of Civil Appeals expressed grave doubt whether article 5714 is applicable to a stipulation for 'immediate notice of an accident.'" Also, in Austin v. Aetna Cas. & Surety Co., 300 S.W. 638, the Commission of Appeals, Section A (opinion not adopted by the Supreme Court), considering a similar situation, held that the bond there under consideration, made reference to two things—viz., notice in respect to discovered loss and affirmative proof of loss to be given—and that the requirement for the giving of notice was within the statutory regulation, and that the requirement for affirmative proof of loss was not. It is quite true, we think, that notice to appellant of Goldstein's dishonesty, causing the loss, and proof of the loss, are distinct requirements, each serving a purpose; nevertheless, we think they are phases of the same general fact—that is, notice of appellee's claim for damages, as each was made a condition precedent to appellee's right to recover, hence we think the conclusion inescapable that both are within the meaning of the provisions of the statute heretofore set out, and that appellant's unsworn plea setting up failure of appellee to furnish notice and final proof of the loss claimed, failing to present the issue requiring proof, the presumption must be indulged that proper notice was given and proof of loss filed. This was the effect of our holding in Francis v. International Travelers' Ass'n, Tex. Civ.App., 260 S.W. 938 (authorities cited), which, in its entirety, was affirmed by the Supreme Court, in the following language: "The opinion of the Court of Civil Appeals on all the questions involved is manifestly correct, and we deem further discussion unnecessary. The judgment of the Court of Civil Appeals is affirmed" (See 119 Tex. 1, 23 S.W.2d 282, 287).

Appellant claims that the judgment is excessive in view of the tender of $1,254 made by Goldstein to appellee in payment of the amount of the loans to himself carried under fictitious names. The aggregate of these loans being $1,150, the tender of $1,254 evidently included accrued interest. There is no controversy in regard to the tender; with reference to which appellee makes the following statement (see page 50, Brief): "Defendant (appellant) says that judgment is excessive by the amount of $1,150.00 because of the tender which Goldstein, the principal under the bond, made to the Fidelity Finance

Company. To save time we wish to admit at this point that the question of tender was correctly plead, that the uncontradicted evidence supports the contentions of the appellant with respect to tender and, although in his brief the appellant states that tender to be $1,150, we think that the record shows that the tender was $1,254.00. If an insurance company executing a fidelity bond can be discharged from its obligations under the bond, in whole or in part, by a tender made by the principal of the bond to the obligee thereof, then we say that appellant is unquestionably entitled to a credit of $1,254.00 on the judgment rendered in the court below."

■ Appellee's contention is that, as the bond sued upon is a contract of insurance rather than a contract of suretyship, it is no concern of appellant that appellee elected to sue upon the bond, rather than accept payment from Goldstein. We cannot accept this view; the tender being absolute and without condition, we think it should have been accepted. Whether appellant is regarded as a surety, guarantor, indemnitor, or insurer, Goldstein was primarily liable to appellee for the money misappropriated; hence there rested upon him both a legal and a moral obligation to restore the money with interest; these obligations he sought to discharge by tendering the full amount due, which, we think, without good reason, was refused.

In the early case of Houston & T. C. R. Co. v. Mitchell, 38 Tex. 85, 86, 96, our Supreme Court, in an opinion by Judge Walker, said that: "The party who seeks redress against another for the breach of contract is bound to use due diligence himself in preventing, as far as possible, the loss by reason of the breach." In 28 C. J. p. 1005, § 165, the doctrine is announced. that: "A refusal by the creditor to accept a proper legal tender made by the principal results in a complete release of. the guarantor." The tender being absolute and without condition, its acceptance by appellee would not have affected its rights in any other respect. Good faith and fair dealing required acceptance of the tender; its refusal being distinctly injurious to appellant, discharged it, pro tanto, from liability. 28 C.J. 991, § 150.

■ But aside from the question of tender, we do not think liability under the contract was shown. The contract obligated appellant to pay the amount of any direct pecuniary loss to appellee, occasioned by specified acts of dishonesty of its employee. In view of the tender by Goldstein and its rejection by appellee, can it be correctly said that the loss (amount of the fictitious loans) was caused through the dishonesty of Goldstein? We do not think so. At the time of the tender, the loss was simply potential, not actual; and in this status, Goldstein, experiencing a resurgence of honesty, offered to pay appellee the amount of the fictitious loans with interest. So, in the last analysis, the loss was not caused by Goldstein's dishonesty, but by appellee's unreasonable rejection of the tender.

■ Appellant contends further that the judgment is excessive, in that certain items of the alleged loss allowed were not authorized by evidence. Replying to this contention, appellee concedes that, possibly an excess of $50 with reference to loan No. 1047 was allowed, also an excess of $50 with reference to loan No. 2796 (see Appellee's Brief, p. 61); but it is contended that, aside from the specific items of loss pleaded, the evidence being sufficient, the judgment nevertheless was authorized under the general count of appellee's petition. We do not think so. Appellee sued for specific items of loss, aggregating $3,231, describing each, for which judgment was prayed, being the amount found by the jury, for which, together with interest, the court rendered judgment.

To summarize, we hold: (1) That, on the fact issue presented, appellee was shown to have complied with the contract in giving notice and in furnishing proof of loss; (2) that, on the law issue presented, the unsworn plea of appellant, setting up failure of appellee to give notice and furnish proof of loss (as conditions precedent to recovery), did not raise an issue requiring appellee to make proof, hence the presumption must be indulged that the contract, in the respects mentioned, was complied with; (3) that the tender of $1,254 being proper, should have been accepted by appellee, and that its rejection discharged appellant, pro tanto; that the amount of the two items (of $50 each, aggregating $100) should not have formed a part of the judgment, because not supported by evidence, thus the judgment is shown to be excessive to the extent of $1,354; and that (4) the judg-

ment in other respects being correct, should be affirmed.

Therefore, the judgment of the court below is reformed, by reducing the amount thereof $1,354, and as reformed is affirmed.

Reformed and affirmed.